DIANE B. WEISSBURG, Esq. (SBN 237136)
**WEISSBURG LAW FIRM**
12240 Venice Blvd, Suite 22
Los Angeles, CA 90066
Tel: 310/390-0807; Fax: 310/390-0560
E-mail: dbw_law@msn.com

Attorney for Plaintiff, Abhijit Prasad

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHIJIT PRASAD,<br><br>                              Plaintiff,<br><br>           v.<br><br>SANTA CLARA COUNTY<br>DEPARTMENT OF SOCIAL SERVICES,<br>GAIL SIMMONS, GUADALUPE<br>ACEZES, and DOES 1-20,<br>                              Defendants. | CASE NO.:<br><br>VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND DEMAND FOR PUNITIVE DAMAGES |

Plaintiff alleges:

## **JURISDICTION AND VENUE**

1.     This is a lawsuit for injunctive relief and money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and the Fifth and Fourteenth Amendments to the United States Constitution, for personal injuries and violation of constitutional rights by Defendants County of Santa Clara ("County") and its Department of Social Services ("DSS"), Defendant Gail Simmons, Defendant Guadalupe Acezes, and Defendants DOES 1-20. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions. A state law claim requesting that the Court issue a writ of mandate and/or injunctive relief is alleged

as well. Plaintiff invokes the Court's supplemental jurisdiction to consider the state law claims.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District.

**GENERAL ALLEGATIONS**

3.      Plaintiff, Abhijit Prasad (hereinafter "Plaintiff" or "Prasad"), is, and was at all material times mentioned herein, a resident of the County of San Joaquin, State of California.

4.      At all times mentioned herein Defendants DOES 1 through 20 were employees of Defendant County of Santa Clara, Department of Social Services, and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants, and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. DOES 1 through 20 are sued individually and in their capacities as employees of the County of Santa Clara.

5.      Defendant DOE 1 was at all times material herein the policymaker for said COUNTY and responsible for the promulgation and implementation of policies, rules, regulations and procedures for said DSS and its social workers, as well as clerks and other clerical employees responsible for accurately inputting, deleting, disseminating child abuse allegations and disposition information into the computer database or other information retention and retrieval systems accessible to members of all 58 counties in the State of California, law enforcement, and court personnel involved in identifying persons for child abuse history.

6.      Said policymaker(s) was also responsible at the County level for setting policy, rules, regulations and procedures as to hiring, training, supervising, retraining, discipline and termination of persons engaged in information management regarding persons to be investigated for child abuse, prior referrals of abuse, ability to adopt, become a foster parent, levels of risk, and impacting future referrals.

7.     Defendant County, DSS is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

8.     Plaintiff is informed and believes and therefore alleges that Defendant Gail Simmons (hereinafter "Simmons") is an employee of Defendant of County of Santa Clara, DSS, and was at all material times mentioned herein a resident of the County of Santa Clara, State of California.

9.     Plaintiff is informed and believes and therefore alleges that Defendant Guadalupe Acezes (hereinafter "Acezes") is an employee of Defendant County of Santa Clara, DSS, and was at all material times mentioned herein a resident of the County of Santa Clara, State of California.

10.    The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff will amend this complaint to show said Defendants' true names, races, and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

11.    Plaintiff is informed and believes and therefore alleges that at all times mentioned herein each of the Defendants was the agent, servant and/or employee of each of the remaining Defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants, and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiff's injuries were proximately caused by the actions of each.

12.    Plaintiff is informed and believes and therefore alleges that at all times herein mentioned each Defendant aided, abetted, condoned, permitted, willfully ignored, approved, authorized, and/or ratified the unlawful acts hereinafter described due to Plaintiff's race and national origin.

VERIFIED COMPLAINT FOR DAMAGES

13.     As a proximate result of Defendants' deprivation of federal and state civil rights, Plaintiff has suffered, continues to suffer, and will suffer, general and special damages and is entitled to exemplary and punitive damages and attorney fees.

14.     On May 15, 2015, Plaintiff's counsel filed a claim with the County of Santa Clara and DSS for the injuries alleged herein. Exhibit 1, attached hereto and incorporated herein by reference.  On May 28, 2015, Defendants denied that claim. Exhibit 2, attached hereto and incorporated herein by reference. Therefore, Plaintiff has complied with all requirements of California Government Code §800 et seq.

## FACTUAL ALLEGATIONS

15.     Plaintiff is, and at all times relevant to this Petition is, residing in the County of San Joaquin, is a 48 year-old United States Citizen who was born in India, is of Indian descent, and has no criminal history.

16.     Plaintiff is informed and believes and therefore alleges that he has a history of five Child Protective Services investigations. Plaintiff was previously informed in 2010 that his name was listed in the Child Abuse Central Index ("CACI") by Defendants; in reliance, Plaintiff initiated a grievance hearing and subsequent court actions at substantial expense over $200,000.00. Upon appeal with the State of California, Court of Appeals, 6th Appellate District, Case No. H039167, the matter was remanded back to the Superior Court to conduct another hearing on the Writ of Mandate.  This hearing is currently scheduled for November 20, 2015.

17.     In a previous action before this Court, which is currently before the Ninth Circuit Court of Appeals, Plaintiff sued Defendants based upon his 2009/2010 listing in the Child Welfare Services/Case Management System ("CWS/CMS") without sufficient due process.

18.     Plaintiff is informed and believes and therefore alleges that the previous action before this Court concerned deprivation of Plaintiff's due process rights as the result of referrals/investigations investigated by DSS, which were made by his ex-wife, Komal Rattan ('Mother").  The first allegation was made in Alameda

VERIFIED COMPLAINT FOR DAMAGES

County in August 2008 for allegations of abuse of his two daughters, "K" and "S", determined to be unfounded.  The second referral/investigation was also made by Mother in Alameda County, July 2009 for abuse of "K" and "S" again, and was also determined to be unfounded. The third referral/investigation was in Santa Clara County, by Mother in November 2009 for abuse of "K" and "S".  DSS employee Chancellor later closed that referral/investigation on or about November 23, 2009. Chancellor then opened a new referral on December 30, 2009 in Santa Clara County with the same allegations, at the request of mother. Those referrals were closed by Chancellor in February 2010 at mother's request, conclusive for sex abuse and emotional abuse of "K" and "S". The fifth referral/investigation was opened in Contra Costa County, at the request of Chancellor in 2010 based on instructions from the mother.  The disposition of the Contra Costa Referral and the allegations of all referrals are unknown, as Plaintiff has never received the CWS/CMS database case information from Defendants. Prior to the referrals in 2009-2010 by Defendants, Plaintiff had no prior reports to Child Welfare or CACI.

19.     Plaintiff is informed and believes that Mother made allegations of physical and sexual abuse by Plaintiff to obtain sole physical and legal custody of the children in contested Family Law proceedings that were occurring prior to the 2009 referrals.

20.     Plaintiff is informed and believes that these allegations were investigated by social workers employed by County and DSS, hospitals and/or medical personnel, the Tracy Police Department, Alameda County CPS, Contra Costa County CPS, and the Stockton District Attorney's Office.  Although never told he was being investigated for sexual abuse, or that his personal information would be contained in statewide databases, Plaintiff cooperated fully in the investigation alleging abuse by him; and it was eventually determined that no criminal charges or juvenile dependency court petitions of any kind were warranted.  No CPS investigations are currently open.  Plaintiff was never arrested, charged, or convicted of a crime.

///

21.     Plaintiff is informed and believes and therefore alleges that the minors never disclosed to County or DSS any physical and/or sexual abuse by Plaintiff, and that no physical evidence of physical and/or sexual abuse exists.

22.     During the time of the events in question, Plaintiff had not lived with the children, or had access to the children, since July 2009, which was four months before the sexual abuse referral was initiated and immediately after the second child abuse referral was closed as unfounded, nor has he had access to his children since that date because of his inclusion in CACI and CWS/CMS.

23.     On or about February 2010, Plaintiff received a notice from County informing him that his name was included in CACI, which is maintained by DOJ. The notice stated, in pertinent part: "Santa Clara County Department of Social Services, has completed an investigation of suspected child abuse that we determined to be either substantiated or inconclusive. Pursuant to Penal Code 11169(b), this is notification that you are named in a child abuse report that was sent to the DOJ, Child Abuse Central Index (Index)." The letter went on to note that, in this case, the complaint was determined to be "substantiated" and/or "conclusive" for sex abuse.  Plaintiff had never received a prior notice.

24.     Plaintiff was also notified that the social worker was closing the referral without any necessity for further involvement from DSS.  Since that time it has been determined that this allegation and others made involving Plaintiff's children were false, and made as the result of an ongoing, contested custody proceedings involving Plaintiff's ex-wife.

25.     Plaintiff is informed and believes and therefore alleges that at no time during any of these proceedings was Plaintiff or his Counsel ever informed that Plaintiff's personal information, including, but not limited to, his name; address, including all prior addresses in and out of the US; date of birth; social security number; place of birth; all court case numbers, including Family Law Case Numbers; ethnicity of Plaintiff, his children, others in and out of his home, and spouse; schools attended

by Plaintiff and his children; all of Plaintiff's employers' information including name, address, and contact information like supervisor's name, address, e-mail, and telephone numbers; date of birth of all of Plaintiff's relatives; immigration status of Plaintiff, and all family members; all prior referrals regardless of disposition, including referrals of all family members linked to Plaintiff's referrals; Plaintiff's e-mail address; health summaries including records and medical, dental, and vision providers for Plaintiff and his children; Plaintiff's driver's license information; Plaintiff's home ownership information; statements of parties; statements of non-parties, and witnesses; pictures; etc., was placed in the CWS/CMS databases.

26.    Plaintiff's counsel requested information related to all referrals from the County of Santa Clara and filed with the Santa Clara County Juvenile Dependency Court a Welfare and Institutions Code §827 petition for disclosure. An initial Court order for disclosure was received on November 2, 2010. A subsequent Order for Disclosure was received on March 18, 2011.  Both Orders authorized disclosure of records by the Defendants.  Plaintiff's Counsel also requested at that time all documents in the County's files including computer files and records.

27.    Plaintiff is informed and believes and therefore alleges that neither Plaintiff nor his prior Counsel ever received the demanded documents from Defendants.  The denial of those documents prevented Plaintiff from determining what fraudulent information was in CACI, CWS/CMS or any of the other 500 databases; Plaintiff was never able to correct the invasion of his right to privacy; Plaintiff was never able to correct fraudulent information and/or determine how that information was used against him.  Plaintiff has been unable to see his children or get a Determination of Factual Innocence because of his inclusion in CACI, and CWS/CMS by these Defendants.

28.    Plaintiff, through counsel, requested that County conduct an administrative hearing for his 2009 inclusion in CACI, the only database he was aware of at that time, to review this "substantiated" and/or "conclusive" report and the underlying

listing in CACI; and again demanded that he receive all documents pursuant to the review process mentioned in the notice and pursuant to the due process requirements provided pursuant to *Burt v. County of Orange* (2004) 120 Cal.App.4th 473 and the Court Orders for disclosure.  Plaintiff never received those documents and was never permitted to review the contents of CWS/CMS or 500+ sub-databases to review the allegations, statements of parties, fraudulent information, and medical records.

29.      Eventually two grievance hearings were held for the 2009 inclusion into CACI, in July and August 2010, and from which a recommendation was made that the allegation remain substantiated.  Plaintiff's Counsel then filed a Writ of Mandate in the Superior Court of California, County of Santa Clara, Case No. 1-11-CV-203380.  The Superior Court refused to accept the administrative record of that action; and the Court denied that Writ of Mandate.  Upon appeal with the State of California, Court of Appeals, 6th Appellate District, Case No. H039167, the matter was remanded back to the Superior Court to conduct another hearing on the Writ of Mandate.  This hearing is currently scheduled for November 20, 2015.

30.   Plaintiff has spent over $175,000.00 dollars from 2010 to clear his name from the CACI database that he was told in 2010 by the defendants, that he was in.

31.      Plaintiff is informed and believes and therefore alleges that he eventually learned the allegations of abuse from 2010 were not actually listed in CACI as originally told by the Defendants in 2010 requiring that he defend against that action at great personal expense and severe emotional distress for being accused of sex abuse by defendants.

32.      On April 7, 2015 during a contested family law matter involving Plaintiff, his ex-wife, and their two children, plaintiff learned from his Family Law attorney for the first time that the Plaintiff was actually not in the CACI database all along.

33.      In April 2015 Defendants' then listed Plaintiff in CACI, including the 2009 allegations and new allegations that have never been investigated by defendants.

34.    In April 2015, Plaintiff received a Notice of Child Abuse Central Index Listing, which stated in pertinent part: "Santa Clara Child Welfare Services agency has completed an investigation of alleged child abuse or severe neglect and determined that the allegations of abuse or severe neglect are substantiated. Pursuant to Penal Code 11169(b), this is notice that the finding of substantiated abuse or severe neglect was sent to the California Department of Justice (DOJ) for inclusion in the Child Abuse Central Index." The letter went on to note that the allegation was determined to be "substantiated" for "sexual abuse, assault, exploitation".

35.    Plaintiff, through counsel, requested a grievance hearing on April 15, 2015 to review this "substantiated" report and the underlying listing in CACI, and to receive all documents pursuant to the review process mentioned in the notice, pursuant to the due process requirements provided pursuant to *Burt v. County of Orange* (2004) 120 Cal.App.4th 473.

36.    On May 20, 2015, County Counsel responded that they were evaluating the request and would get back to Plaintiff within 45 days.

37.    On July 21, 2015, the request for a hearing was denied by County Counsel.

38.    On May 19, 2015, Plaintiff sent a CACI Self Inquiry Request to the Department of Justice.  On May 28, 2015, Plaintiff received a response from the Department of Justice confirming his inclusion in the CACI database on April 7, 2015, based on an incident that took place on December 30, 2009, retroactively without any investigation in violation of California Administrative Code §901(a); violation of California Penal Code 11169(a); and violation of California Department of Social Services ("DSS") Manual of Policies and Procedures ("MPP") 31-115.

39.  Plaintiff was unaware, until Defendants notified him in April 2015 that a new, uninvestigated false report, based on an incident from 2009, was placed in the computerized CACI and CWS/CMS systems.  That system also feeds information directly into more than 500 other statewide databases, including, but not limited to, Strategic Decision Making, and/or Risk Assessment Matrix system records,

licensing, welfare, CACI, etc.  All of these sub-databases are also in the direct control of Defendants.

40.    Despite his written request, Defendants failed to provide Plaintiff an opportunity to offer live testimony, call witnesses or examine those witnesses whose statements were considered by County when they placed his personal information, immigration status, ethnicity, and that of his family and/or employers in April 2015, in CACI and CWS/CMS statewide computer systems and the more than 500 databases that directly receive information from the CWS/CMS system and is then disseminated to public and private entries, without a court order.

41.   Plaintiff is gainfully employed in Information Technology, which requires him to obtain high level government clearances and professional insurance and to be bonded.

42.   Plaintiff is informed and believes and therefore alleges that being listed in the CACI and CWS/CMS system prevents Plaintiff from passing government clearances, obtaining professional insurance, and getting bonded.  Defendants had previously informed Plaintiff in August 2013 for the first time, that he was listed in CWS/CMS.  Being in CWS/CMS will prevent Plaintiff from being bonded, getting high level jobs and/or working for the government, adoption, licensing, guardianship of children, and working with children or at schools where children are available. He also learned that multiple referrals raise his Risk Level for substantiated abuse.

43.   Plaintiff is also seeking a Determination of Factual Innocence so that he may get custody of his children; get bonded; get high level jobs and/or get clearance so he can work for the government; adoption; state licensing for foster care; guardianship of children; and working on IT Systems, at schools where children are present.  The Family Law Court will not allow Plaintiff to get his daughters back without a Determination of Factual Innocence from the information contained in CACI and CWS/CMS.

///

44.    Defendants also informed Plaintiff that he cannot get a Determination of Factual Innocence about CWS/CMS because in 2015 there is still no statute, ordinance, or case law requiring a hearing for inclusion in CWS/CMS.

45.    Plaintiff is informed and believes, and therefore alleges, that the information in CWS/CMS is directly fed into the Strategic Decision Making, also called Structured Decision Making (SDM), and/or Risk Assessment Matrix computer systems, regardless of the disposition of the referral, and that information is used to determine the risk level of subsequent referrals of abuse.  The SDM system looks in CWS/CMS for prior referrals.  If no prior referrals, the score is zero; one prior referral, the score is one; and two or more prior referrals, the score is two.  The higher the score, the higher the computer system places the risk level of actual abuse in the subsequent referral.   The Risk Assessment tool estimates the risk of future abuse or neglect and guides the worker in new referral/case openings.  In the Risk Assessment tool, just the fact of a prior referral in CWS/CMS makes an individual presumed guilty by the system and the workers, based on the number of prior and subsequent referrals reported by CWS/CMS to that system. This system does not assess by disposition of the referral.  In 2015 Defendants' advised Plaintiff there is no ability to remove your name or personal information from the Risk Assessment computer tool.

46.    The Risk Assessment Tool also uses the Race/Ethnicity of the person to assess new allegations of abuse.  Plaintiff is from India; Plaintiff is informed and believes that his ethnicity will raise the risk level as well.

47.    Plaintiff is informed and believes and therefore alleges that the CWS/CMS system for each new referral screens for twelve (12) categories of child abuse, regardless of prior dispositions, as follows: Sexual Abuse; Physical Abuse; Safety and Risk of Newborns for Families Already Under DCFS Supervision; Domestic Violence; Drug & Alcohol Abuse; Medical Neglect; Emotional Abuse; Exploitation; Parental Incapacity or Absence; Failure to Thrive; Fetal Alcohol Spectrum Disorder

VERIFIED COMPLAINT FOR DAMAGES

(FASD); and Shaken Infant Syndrome.   Plaintiff believes he was assessed in all categories based on his race/ethnicity, which also substantially increased his risk level, and no appeal mechanism exists to correct this incorrect information.

48.   Plaintiff is informed and believes and therefore alleges that CWS/CMS includes a complete record of all contacts and actions undertaken with regard to an investigation of a suspected child abuser.  Thus, not only does CWS/CMS bear similarities to CACI, it also goes beyond CACI's purpose of serving as an index of names of suspected child abusers by providing access to the entire record of an agency's investigation and all of the personal information of the individual, without a court order.

49.   Plaintiff is informed and believes and therefore alleges that the information contained in CWS/CMS databases is available without a court order to numerous in-state and out of state governmental entities and agencies, including, but not limited to, all 58 counties in California; state and federal government; DSS providers in and outside of California; schools; universities; law enforcement in all states; District Attorney in all states; licensing agencies in and out of California, child-welfare agencies, family law court, county counsels' offices, other states and their agencies, prosecutors, and welfare agencies. Cal. Welf. & Inst. Code §§ 827, 10850; Cal. Penal Code § 11167.5.  Further the additional 500 plus databases of information are also available both in and out of California.  All information in these 500 plus computer systems is received directly from the CWS/CMS computer system.

50.   Plaintiff is informed and believes and therefore alleges that the California Welfare and Institutions Code §827 alone contains sixteen enumerated exceptions to confidentiality. For example, section 827(a)(1)(I) provides an exception for "The State Department of Social Services, to carry out its duties pursuant to . . . the Family Code to oversee and monitor child welfare agencies, children in foster care or receiving foster care assistance, and out-of-state placements." California Family Code section 7901, Article 3, subsection (c) provides that "[a]ny public officer or

agency . . . in receipt of [written notice of the intention to send, bring, or place a child in the receiving state] . . . may request of the sending agency . . . and shall be entitled to receive there from, supporting or additional information as it may deem necessary under the circumstances."   Under this exception, such agencies are entitled to the information contained in CWS/CMS, but not the information in CACI.

51.     Plaintiff is informed and believes and therefore alleges that CWS/CMS is a State of California database of stored information of every child abuse allegation and disposition since its inception in 1989. CWS/CMS currently has approximately 20 million records containing personal information about individual families, children, parents, friends, relatives, employers, law enforcement involvement, and involvement with any court, on all 12 categories of abuse.

52.     Plaintiff is informed and believes and therefore alleges the CWS/CMS is a personal computer (PC)-based Windows application that links all 58 counties and the State to a common database.  The CWS/CMS is an automated online client management database that tracks each case from initial contact through termination of services.  The system retains all prior and current referral information.

53.     Plaintiff is informed and believes and therefore alleges that CWS/CMS has currently over 221 separate fields of information available on every person in the database.  That information is retained on every allegation multiplied by the number of children in the referral, irrespective of the disposition of unfounded, inconclusive, and substantiated.

54.     Plaintiff is informed and believes and therefore alleges that the system is never purged and erroneous information in CWS/CMS is never corrected.  Further, that there is no appeal mechanism of fraudulent or incorrect information stored in CWS/CMS 500+ databases.

55.     Plaintiff is informed and believes and therefore alleges that the CWS/CMS system has eleven functional components as follows: Intake -- referral screening, investigation and cross reporting; Client Information -- recording and accessing

information on clients; Service Delivery -- recording of services delivered to clients; Case Management -- development of case plans, monitoring service delivery, progress assessment; Placement -- placement management and matching of children to placement alternatives; Court Processing -- hearing preparation, filing of petitions, generating subpoenas, citations, notices, recording court actions; Caseload -- assignment and transfer of cases; Resource Management -- information on resources available for CWS (services providers, county staff resources, etc.); Program Management -- caseload, county, program-level information for program management purposes; Adoptions -- recording of information for reporting purposes; and Licensing -- information on licensees used in placement decisions.

56.    Plaintiff is informed and believes and therefore alleges that there are over 700,000 new reports submitted statewide annually, and these records of information are never purged.   Individuals can connect with CWS/CMS with a remote access connection to the CWS/CMS application or in an office setting.

57.    Plaintiff was told by Defendants that CACI's purpose is to alert identified licensing and similar agencies of possible matches of applicants about whom abuse investigations were performed where investigative dispositions of inconclusive or conclusive only were made, until January 1, 2012.  Then, only investigations with "substantiated" findings were to be reported to the DOJ; unfounded and inconclusive referrals are not reported to CACI and all inconclusive referrals were purged from CACI on January 1, 2012 as a result of prior legal action.

58.    Plaintiff is informed and believes and therefore alleges that the DOJ is only the repository of the CACI information.  The information contained in CACI is now limited to substantiated referrals of abuse, and all information contained in CACI is provided by social worker employees of California's 58 individual counties at the conclusion of a child abuse investigation.

59.    Plaintiff is informed and believes and therefore alleges that CACI's purpose is to serve as an index of names of suspected child abusers.  The information in

VERIFIED COMPLAINT FOR DAMAGES

CACI is available to aid law enforcement investigations and prosecutions, and to provide notification of new child abuse investigation reports involving prior reports to CACI of the same suspects and/or victims. Information also is provided to designated social welfare agencies to help screen applicants for licensing or employment in child care facilities and foster homes, and to aid in background checks for other possible child placements and adoptions. Dissemination of CACI information is controlled by the Penal Code. Information on file in CACI includes: names and personal descriptors of the suspects and victims listed on reports; reporting agency that investigated the incident; the name and/or number assigned to the case by the investigating agency; type(s) of abuse investigated; and the findings of the investigation for the incident which are substantiated only. Subsequent referrals that are unfounded or inconclusive are not reported to DOJ or placed in the CACI system, but are always retained in the CWS/CMS system and over 500 statewide databases.

60.     Plaintiff is informed and believes and therefore alleges that the types of abuse reported to CACI are restricted to six (6) categories of abuse, only when the referral is substantiated as of 1/1/2012, or inconclusive or substantiated prior to 1/1/2012, as follows: Physical Injury; Severe Neglect; Mental/Emotional Suffering; Willful Harming/Endangerment; Sexual abuse, Assault, Exploitation; and Unlawful corporal punishment or injury.

61.     Prior to the 2009/2010 referrals by DSS, Plaintiff did not have a prior referral that was substantiated or inconclusive, and was never previously reported to CACI.

62.     Plaintiff is informed and believes and therefore alleges that CACI is a single computerized database. An entry in CACI does affect the CWS/CMS databases; but an entry in CWS/CMS does affect CACI and 500+ sub-databases.

63.     Plaintiff is informed and believes and therefore alleges that the State is only the repository of the CWS/CMS information. The information contained in CWS/CMS is very broad, includes all referrals, and includes all unfounded,

inconclusive, and substantiated dispositions.   All information contained in CWS/CMS is provided by social worker employees of California's 58 individual counties while the investigation is ongoing, updated at the conclusion of each child abuse investigation, and accessed for each new referral.

64.    Plaintiff is informed and believes and therefore alleges that all new referrals are linked to all prior referrals, and all prior referral information is used for the entire life of the individual, as it is never purged.

65.    Plaintiff is informed and believes and therefore alleges that the information in CACI, CWS/CMS and over 500 databases is used by outside colleges, universities, government agencies, and private database companies.

66.    Plaintiff is informed and believes and therefore alleges that in April 2015 all of his personal information and that of his family and friends was placed is in the CWS/CMS database and the 500 plus databases utilized by Defendants; that the information was placed in those systems by Defendants without Plaintiff's prior knowledge or consent; that the information in those systems is wrong; and that the information in those systems was used against him resulting in a higher risk level that indicates abuse by Plaintiff, without foundation, and in violation of State and Federal Law.

67.    Plaintiff is informed and believes and therefore alleges that the April 2015 information in those systems is preventing him from working with children and getting government clearances required to allow him to work in his chosen profession; and that the information in those systems was given to the family law courts either deliberately or with complete indifference to Plaintiff's rights to privacy, preventing Plaintiff from seeing or having access to his children.

68.    Plaintiff is informed and believes that he has been denied the ability to get a Determination of Factual Innocence, or review or delete the April 2015 fraudulent or incorrect information in these databases, as he does not know what information is in these databases, what he has been accused of in these databases, or the basis for

1  any determination, as Defendants maintain there is no appeal or review of these

2  databases available, and that Defendants are not required by law to give such a

3  hearing, so they did not tell him about the databases or the contents of the databases.

4  69.    Plaintiff is informed and believes and therefore alleges that the Defendants

5  assert that there is no ability to review or correct the April 2015 incorrect information

6  because there is no appeal mechanism or a right to a hearing for removal from CACI

7  for this referral information, or CWS/CMS and/or the more than 500 databases.

8  Further, he was never informed how that information is used in subsequent referrals;

9  application for licensure; application to adopt or obtain guardianship of a child;

10  government clearances for his work; or his ability to work with children.

11  70.    Plaintiff is under immense emotional distress in that County's abuse of

12  discretion and reporting as described above has affected his fundamental vested

13  rights and will interfere with his career, his ability to obtain placement of his children

14  or placement of another child, his ability to obtain guardianship of a child, and his

15  ability to adopt a child.

16  71.    Defendants' refusal to provide Plaintiff an opportunity to review, correct,

17  and/or remove the April 2015 fraudulent and incorrect information as the basis for

18  the conclusive report from CACI, CWS/CMS, or the more than 500 database

19  systems is improper and is contrary to law.

20  72.    Defendants' have proceeded in a manner contrary to law and has abused its

21  discretion, which has resulted in damage to Plaintiff and has prejudiced his rights

22  under the state and federal laws and constitutions.  Further, it has violated Plaintiff's

23  constitutional rights to due process of law, as there is no appeal mechanism for this

24  CACI information, CWS/CMS information, or the more than 500 other databases,

25  and his right to privacy.

26  73.    Plaintiff has no plain, speedy and adequate remedy at law other than the relief

27  sought in this Petition, in that Plaintiff has no other means to compel Defendants to

28  comply with the law; to act in a manner that does not constitute an abuse of

discretion; to make a Determination of Factual Innocence based on the April 2015 contents of CACI and CWS/CMS and it's 500+databases; and to comport with the requirement that he be accorded due process of law, and thus Plaintiff seeks injunctive relief as well as damages in this action.

74.     Defendants, and each of them, knew or should have known that their April 2015 failure to exercise due care by failing to conduct any investigation for inclusion in CACI and CWS/CMS as substantiated for "sexual abuse, assault, exploitation", are all in violation of California Administrative Code §901(a); violation of California Penal Code 11169(a); and violation of California Department of Social Services ("DSS") Manual of Policies and Procedures ("MPP") 31-115, would cause Plaintiff severe emotional distress. The injury to Plaintiff was foreseeable.

75.     Therefore, the acts of Defendants, each of them, herein alleged also constituted gross negligence and carelessness under state and federal law by not conducting any investigation in violation of California Administrative Code §901(a); violation of California Penal Code 11169(a); and violation of California Department of Social Services ("DSS") Manual of Policies and Procedures ("MPP") 31-115.

76.     The acts of the individual social worker defendants in placing Plaintiff in these databases without any investigation, and in violation of the law were all intentional and malicious and done for the purpose of causing Plaintiff to suffer severe humiliation, intimidation, mental anguish, and emotional and physical distress.

77. Defendants' April 2015 conduct in confirming and ratifying those acts was done with knowledge that Plaintiff's emotional and physical distress would thereby increase, and were done with a wanton and reckless disregard of the consequences to Plaintiff.

78.     Public entity Defendant County of Santa Clara is also liable under the doctrine of Respondeat Superior for state law claims.

///

VERIFIED COMPLAINT FOR DAMAGES

79.     Plaintiff has exhausted all administrative remedies provided by Defendants to a person in Plaintiff's position, i.e., a person who has been the subject of a April 2015 child abuse investigation, whose disposition is substantiated and who without any knowledge is listed in CACI, because he was denied a hearing, and listed in CWS/CMS, Strategic Decision Making, and/or Risk Assessment Matrix records system or over 500+ sub-databases, because no appeal of inclusion in these databases exist per the defendants.

80.     Defendants' policies and procedures regarding review of CACI listings, CWS/CMS referrals, Strategic Decision Making, 500 statewide databases, and/or Risk Assessment Matrix records system are non-existent and deficient to the extent they are non-existent, and were applied to Plaintiff in a deficient manner, thereby violating his due process rights.

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations--
Unlawful Policies, Customs and Habits By Plaintiff
Against All Defendants]

81.     Plaintiff realleges Paragraphs 1 through 80 as though set forth herein verbatim, and by this reference incorporates the same herein and make each a part hereof.

82.     As a result of the acts alleged above, particularly the County and its DSS' failure to offer any due process mechanism, and its woefully inadequate policies and procedures for review of substantiated allegations of child abuse in CACI, CWS/CMS, or the 500 plus databases, Plaintiff suffered a violation of his right not to be deprived of life, liberty or property without due process of law as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution. Further, Plaintiff suffered an unconstitutional violation of his right to privacy. The April 2015 inclusion in CACI, CMS/CWS, and the 500 plus databases, without knowing what is in those databases, has impacted Plaintiff's licensure; and restricted Plaintiff's

right and ability to get a Determination of Factual Innocence, to fully pursue his profession and earn a living, to obtain placement of his children, to obtain other children, to obtain guardianship of a child, and to adopt a child, further violating his right to due process of law. As a result, Plaintiff is entitled to the injunctive relief requested herein and damages pursuant to Title 42 U.S.C. § 1983, et seq., in an amount to be proven at trial.

83.    Defendant County, through its DSS, has woefully inadequate and unlawful policies, customs and habits of improper and inadequate investigation of child abuse allegations, and woefully inadequate review and hearing procedures regarding reports which are challenged. Further, Defendant County has a policy, custom or habit of failing to modify CACI when they have fraudulent information, or delete erroneous information from CWS/CMS and the 500 plus statewide databases. These unlawful customs, policies and habits proximately caused the injuries and constitutional violations described above.  Accordingly, Plaintiff is entitled to the injunctive relief requested herein and damages pursuant to Title 42 U.S.C. § 1983, et seq., in an amount to be proven at trial.

84.    As a direct and proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff has been restricted in his right and ability to pursue his profession; has suffered a severe invasion of his privacy; carries a stigma for acts that he never perpetrated nor was ever criminally charged or convicted for; and has suffered severe emotional distress. Plaintiff has also incurred significant expenses, including attorney's fees. Plaintiff is therefore entitled to the injunctive relief requested herein and to general and compensatory damages in an amount to be proven at trial.

85.    The aforementioned conduct of Defendants, and each of them, was willful and was intended to cause pain, suffering and humiliation to Plaintiff, and in fact subjected Plaintiff to cruel and unjust hardship of pain, humiliation, and intimidation. Thus, Plaintiff is entitled to an award of exemplary and punitive

1  damages against Defendants, under Civil Code § 3294 or any other law (except as
2  to Defendant County).

3                          SECOND CAUSE OF ACTION
4      CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. §
                                    1985)
5                      (By Plaintiff Against All Defendants)

6  86.    Plaintiff realleges Paragraphs 1 through 80 and 82 through 85 as though set
7  forth herein verbatim, and by this reference incorporates the same herein and make
8  each a part hereof.

9  87.    Commencing on or about April 7, 2015, and thereafter, without any
10 investigation Defendants, and each of them, conspired, combined and agreed to
11 falsely substantiate allegations of "substantiated" for "sexual abuse, assault,
12 exploitation" against Plaintiff's daughter "S" and to intentionally injure and
13 intentionally cause plaintiff extreme emotional suffering under 42 U.S.C. §1985(3).
14 Defendants carried out and perpetrated the mutually supportive conspiracy to
15 deprive Plaintiff of his rights to full and equal benefits of all laws, and to be free
16 from false allegations of child abuse and unjustified mental suffering.

17 88.    In furtherance of the aforesaid agreement and combination, Defendants
18 retroactively added charges that were not there previously, when it was known that
19 the statement was untrue and without any investigation in violation of California
20 Administrative Code §901(a); violation of California Penal Code 11169(a); and
21 violation of California Department of Social Services ("DSS") Manual of Policies
22 and Procedures ("MPP") 31-115.

23 89.    Defendants' felonious and unconstitutional acts and omissions as herein
24 before alleged proximately caused Plaintiff damage, harm and loss.

25 90.    As a direct and proximate result of the foregoing, Plaintiff has been  damaged
26 as recited above and demands and is entitled to the damages recited in the First Cause
27 of Action, including, but not limited to, general and punitive damages (except as to
28 Defendant COUNTY).

THIRD CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(By Plaintiff Against All Defendants)

91.     Plaintiff realleges Paragraphs 1 through 80, 82 through 85, and 87 through 90 as though set forth herein verbatim, and by this reference incorporates the same herein and makes each a part hereof.

92.     On or about April 7, 2015 and thereafter, Plaintiff was entitled to the duty of due care by Defendants, and each of them, including, but not limited to, the duty to conduct an investigation in compliance with California Administrative Code §901(a); California Penal Code 11169(a); and California Department of Social Services ("DSS") Manual of Policies and Procedures ("MPP") 31-115. That prior to placing Plaintiff's personal information into CACI and CWS/CMS computer databases without notice or opportunity to be heard, Defendants' were required to advise Plaintiff that his information was put in 500 plus statewide databases; provide Plaintiff the information in those databases; and provide Plaintiff opportunity to contest the April 2015 information in all databases.

93.     On or about April 7, 2015 and thereafter, Plaintiff was entitled to the duty of due care by Defendants, and each of them, to not falsely report "substantiated" for "sexual abuse, assault, exploitation" dispositions to the CWS/CMS system or the 500 plus databases statewide; to not falsely report child "substantiated" for "sexual abuse, assault, exploitation" to CACI; and to accurately input, delete, and disseminate child abuse allegations and disposition information into the computer database or other information retention and retrieval systems accessible to members of all 58 counties in the State of California, law enforcement, and court personnel involved in identifying persons for child abuse history in compliance with California Administrative Code §901(a); California Penal Code 11169(a); and California Department of Social Services ("DSS") Manual of Policies and Procedures ("MPP") 31-115.

///

22

94.     On or about April 2015 and thereafter, Defendants, and each of them, unlawfully caused Plaintiff to be placed in those databases "substantiated" for "sexual abuse, assault, exploitation", subjected to false accusations of sex abuse and pending criminal matters, and conspired among themselves to cover up their lawlessness and corruption without any investigation in violation of California Administrative Code §901(a); violation of California Penal Code 11169(a); and violation of California Department of Social Services ("DSS") Manual of Policies and Procedures ("MPP") 31-115..

95.     In doing the aforementioned, Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences of their misconduct, causing Plaintiff to suffer emotional suffering and mental distress, physical pain, the indignity of being labeled "substantiated" for "sexual abuse, assault, exploitation" abuser, fear, anxiety, and extreme mental anguish.

96.     As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant County).

## **REQUEST FOR INJUNCTIVE RELIEF**

[42 U.S.C. § 1983, et seq. and California Law]

97.     Pursuant to the provisions of the federal law and 42 U.S.C. section 1983 et seq., as well as California law, and in light of the constitutional violations and customs, policies and practices of the County of Santa Clara as alleged above, Plaintiff respectfully requests that the Court issue a permanent injunction requiring that the County of Santa Clara, through its Department of Social Services, (1) issue a Determination of Factual Innocence for Plaintiff, or provide Plaintiff all information contained in CACI, CWS/CMS, and 500+ databases; then conduct a full

1  evidentiary hearing for Determination of Factual Innocence; (2)  as Defendants'
2  policies, practices, and customs violate the Fifth Amendment of the United States
3  Constitution, issue an injunction requiring Defendants (a) to remedy such violations,
4  including removal of Plaintiff's name from the April 2015 inclusion in the CACI
5  and CWS/CMS databases that prevent him from obtaining guardianship, adoption,
6  government clearances etc.; (b) to provide all persons in CWS/CMS with notice of
7  the reasons and bases for their inclusion in CWS/CMS, Risk Assessment database,
8  or SDM, etc. and (c) to provide Plaintiff with the opportunity to contest inclusion in
9  CACI and CWS/CMS and all 500+ databases.  Plaintiff seeks this or other equitable
10  relief deemed appropriate by the Court according to proof made at the time of trial
11  in this case.

12  ## ATTORNEY FEES AND COSTS

13  98.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §
14  1988(b).

15

16      WHEREFORE, Plaintiff prays for judgment against Defendants and each of
17  them as follows:

18      1. For a permanent injunction as described in paragraph 97 above and/or other
19      equitable relief according to proof at trial;

20      2. For general and compensatory damages according to proof at trial;

21      3. For exemplary damages according to proof at trial (except as to Defendant
22      County);

23      4. For costs of suit herein, including reasonable attorney fees, and

24      5. For such other and further relief as the Court deems proper and just.

25                                          *DIANE B. WEISSBURG*
26  Dated: October 27, 2015        _____
27                                          DIANE B. WEISSBURG
                                          Attorney for Plaintiff,
28                                          Abhijit Prasad

24

1   Plaintiff hereby demands a jury trial in this action as to those claims for

2   which a jury trial is appropriate.

3                                        *DIANE B. WEISSBURG*

4   Dated: October 27, 2015              _____

5                                            DIANE B. WEISSBURG
                                             Attorney for Plaintiff,
6                                            Abhijit Prasad

7   ///
    ///
8   ///

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I have read the foregoing Complaint____ and know its contents.

[ X ] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

[ ] I am [ ] an officer [ ] a partner [ ] a _____ of _____, a party to this action, and I am authorized to make this verification for and on its behalf. [ ] I am informed and believe, and on that ground allege, that the matters stated in the foregoing document are true. [ ] The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

[ ] I am one of the attorneys for_____, a party to this action. Such party is absent from the aforesaid county where such attorneys have their offices, and I make this verification for and on behalf of such party for that reason. I am informed and believe, and on that ground allege, that the matters stated in the foregoing document are true.

Executed on 10/27/15 at Tracy, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

ABHIJIT PRASAD