1

2

3

4

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

5

6

7

8

9

10

11

| | |
|---|---|
| ABHIJIT PRASAD,<br><br>          Plaintiff,<br><br>   v.<br><br>SANTA CLARA COUNTY<br>DEPARTMENT OF SOCIAL SERVICES,<br>et al.,<br><br>          Defendants. | Case No.  15-cv-04933-BLF<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND GRANTING IN PART MOTION TO STAY**<br><br>[Re: ECF 19] |

12

13

14

15

16

17

18

19

20

21

22

     Plaintiff brings this action to challenge his inclusion in the Child Abuse Central Index ("CACI") without a California Child Abuse and Neglect Report Act ("CANRA") hearing. *See* Compl. ¶¶ 33, 35, 37, ECF 1. On that basis, Plaintiff alleges that Defendants County of Santa Clara,[1] Gail Simmons, and Guadalupe Acezes: (1) violated his constitutional rights under 42 U.S.C. § 1983, (2) conspired to interfere with his civil rights under 42 U.S.C. § 1985, and (3) intentionally inflicted emotional distress upon him. Defendants move to stay or dismiss the case, arguing that the Complaint fails to state a claim and is duplicative of an earlier action. Mot., ECF 19. On April 21, 2016, the Court heard oral argument on Defendants' motion.[2] For the reasons stated on the record and below, the Motion to Dismiss is GRANTED IN PART and DENIED IN PART and the Motion to Stay is GRANTED IN PART.

23

24

25

     To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

26

27

28

---

[1] Defendant County of Santa Clara states that it was erroneously sued as Santa Clara County Department of Social Services. Mot. at 1, ECF 19.
[2] In his Opposition, Plaintiff objects to Defendants' motion as deficient and untimely. Opp. at 6, ECF 22. The Court finds neither ground persuasive and OVERRULES Plaintiff's objection.

When considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Ms. Simmons and Ms. Acezes ("Individual Defendants") argue that Plaintiff has failed to state any of the three claims against them. Mot. at 10. With regard to Plaintiff's § 1983 claim, they contend that they cannot be liable because neither was sued in her official capacity. *Id.* With regard to the other claims, they argue that Plaintiff has failed to allege that they acted with the discriminatory animus required under § 1985, *see Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971), or that they engaged in extreme and outrageous conduct as required to state a claim of intentional infliction of emotional distress ("IIED"), *see Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Instead, they contend that Plaintiff's only allegation regarding them is that they were employees of the County. Mot. at 10 (citing Compl. ¶¶ 8-9).

In his Opposition, Plaintiff offers additional facts regarding Individual Defendants' involvement in his alleged 2015 CACI inclusion, *see* Opp. at 24, but those purported facts do not appear as allegations in the Complaint. Instead, the Complaint refers to all Defendants collectively and fails to identify who is alleged to have done what. Accordingly, the Court GRANTS Defendants' Motion to Dismiss all claims against Individual Defendants with leave to amend.

Defendants next argue that Plaintiff's §1983 claim against the County should be dismissed because it repeats an earlier claim dismissed by the Court and now on appeal before the Ninth Circuit. Mot. at 7-9; *see also Prasad v. Santa Clara Dep't of Soc. Servs*., No. 14-CV-00179-BLF, 2015 WL 471698 (N.D. Cal. Feb. 4, 2015), *appeal docketed,* No. 15-15256 (9th Cir. Feb. 11, 2015) ("*Prasad I*"). In *Prasad I*, the Court considered whether or not Plaintiff's 2009/2010 inclusion in the Child Welfare Services/Case Management System (CWS/CMS) database due to allegations for which he received a CANRA hearing violated his constitutional rights.

Defendants contend that the § 1983 claim now before the Court treads the same ground. They argue that Plaintiff's allegation that Defendants listed "new allegations that have never been

2

1    investigated by defendants" in CACI in April 2015, *see* Compl. ¶ 33, does nothing to save the

2    Complaint because it is conclusory and contradicted by judicially-noticeable documents. Mot. at

3    8-9. To support this argument, Defendants rely on the form submitted to the Department of Justice

4    for Plaintiff's 2015 inclusion in CACI, Exh. E to Defs.' RJN, ECF 21-5, and a letter from the

5    County to Plaintiff's counsel stating that it did not intend to add new allegations in 2015, Exh. F to

6    Defs.' RJN, ECF 21-6.[3] In addition, Defendants point to Plaintiff's expansive prayer for relief—

7    which includes an injunction requiring Defendants to "provide all persons in CWS/CMS with the

8    opportunity to contest inclusion in CACI, CWS/CMS, and 500 other databases"—to argue that

9    this case is an attempt to relitigate *Prasad I.*

10       Plaintiff responds that his § 1983 claim concerns a different database, different time

11   period, and different underlying allegations of abuse than did his claim in *Prasad I.* Opp. at 13;

12   *see also* Compl. ¶ 33. The Court agrees with Plaintiff: this is a case about Plaintiff's alleged 2015

13   inclusion in CACI without a CANRA hearing, not his 2009/2010 inclusion in CWS/CMS

14   following a CANRA hearing. Because the Court cannot take judicial notice of the truth of the

15   statements in Defendants' exhibits, neither the form nor the letter suffices to contradict Plaintiff's

16   allegation of being listed in CACI without a hearing. Thus, the Court DENIES Defendants'

17   Motion to Dismiss the § 1983 claim against the County.

18       Defendants next seek to dismiss Plaintiff's § 1985 claim against the County because he

19   fails to sufficiently allege discriminatory animus. Mot. at 8; *see also Griffin,* 403 U.S. at 102.

20   Plaintiff agrees that discriminatory animus is a necessary element of a § 1985 claim, but contends

21   that he has successfully pled such animus by alleging that Defendants engaged in misconduct "due

22   to Plaintiff's race and national origin." Opp. at 23 (citing Compl. ¶ 12). The Court finds this

23   allegation insufficient. It offers no supporting facts and therefore is not plausible on its face.

24   Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's § 1985 claim against

25   the County with leave to amend.

26

27   _____

28   [3] Defendants request that the Court take judicial notice of Exhibits A-F to their Motion to Dismiss. *See* ECF 21. The Court GRANTS the request, but cannot take judicial notice of the truth of the matters asserted therein.

United States District Court
Northern District of California

1    The parties agree that the IIED claim suffers from the same deficiencies as the claims

2    discussed above. Accordingly, the Court GRANTS Defendants' Motion to Dismiss the IIED claim

3    with leave to amend. Plaintiff shall file his amended complaint by no later than **May 28, 2016**.[4]

4    Finally, Defendants ask the Court to stay this case pending the Ninth Circuit appeal of

5    *Prasad I*. "In considering whether a stay is appropriate, the Court weighs three factors: [1] the

6    possible damage which may result from the granting of a stay, [2] the hardship or inequity which a

7    party may suffer in being required to go forward, and [3] the orderly course of justice measured in

8    terms of the simplifying or complicating of issues, proof, and questions of law which could be

9    expected to result from a stay." *Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL

10   6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets

11   in original); *see also Landis v. North American Co.*, 299 U.S. 248 (1936).

12   Here, both parties focus their arguments on the overlap between this case and *Prasad I*,

13   largely repeating the arguments set forth above. As discussed above, the Court finds that this case

14   differs from *Prasad I* because this case concerns Plaintiff's alleged 2015 inclusion in CACI

15   without a CANRA hearing—not Plaintiff's 2009/2010 inclusion in CWS/CMS. Thus, to the extent

16   that Defendants seek to stay discovery regarding CWS/CMS, the Court agrees with Defendants:

17   allowing such discovery would place undue hardship on both parties and would also interfere with

18   the orderly course of justice. Accordingly, the Court GRANTS Defendants' Motion to Stay to the

19   extent that it seeks to stay discovery regarding CWS/CMS pending the resolution of *Prasad I*.[5]

20   **IT IS SO ORDERED.**

22   Dated: May 2, 2016

23

24   BETH LABSON FREEMAN
     United States District Judge

---

[4] As noted at the hearing, the Court also DIRECTS Plaintiff to amend his allegation that
Defendants engaged in "felonious" acts, *see* Compl. ¶ 89, and to identify the title number for his
allegations of violations of "California Administrative Code § 901(a)," *see id.* ¶¶ 38, 74-75, 87,
92-94.
[5] In addition, as noted during the CMC, discovery in this case shall not begin until the pleadings
are set. A further case management conference is set for June 30, 2016 at 11:00 A.M.

*United States District Court*
*Northern District of California*