**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABHIJIT PRASAD,<br><br>        Plaintiff,<br><br>     v.<br><br>SANTA CLARA COUNTY<br>DEPARTMENT OF SOCIAL SERVICES,<br>et al.,<br><br>        Defendants. | Case No.  15-cv-04933-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>[Re:  ECF 42] |

Plaintiff brings this action to challenge his inclusion in the Child Abuse Central Index ("CACI") without a California Child Abuse and Neglect Report Act ("CANRA") hearing.  First Am. Compl. ¶¶ 37–39, 41–42.  On that basis, Plaintiff alleges that Defendants County of Santa Clara;[1] Gail Simmons, in her individual and official capacity; and Guadalupe Acezes, in her individual and official capacity: (1) violated his constitutional rights under 42 U.S.C. § 1983 (*Monell*[2] claim), (2) conspired to interfere with his civil rights under 42 U.S.C. §1983, (3) intentionally inflicted emotional distress upon him, and (4) violated his civil rights under the Bane Act, California Civil Code § 52.1.  Defendants move to dismiss the second, third, and fourth causes of action for failure to state a claim and to dismiss Gail Simmons and Guadalupe Acezes (collectively, "individual defendants") because the FAC fails to state claims against them.  Mot. 1–2, ECF 42.  Defendants also move to strike portions of the FAC.  Mot. 2.  On October 27, 2016, the Court heard oral argument on Defendants' motions.[3]  For the reasons stated on the record and

---

[1] Defendant County of Santa Clara states that it was erroneously sued as Santa Clara County Department of Social Services.  Mot. 1, ECF 42.

[2] *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978).

[3] In his opposition, Plaintiff objects to Defendants' motions as deficient for failure to include a proposed order, in violation of Civ. L.R. 7-2(c).  Opp'n 6.  The Court does not find this objection persuasive and OVERRULES Plaintiff's objection.

United States District Court
Northern District of California

1  below, Defendants' motion to dismiss and to strike is GRANTED IN PART and DENIED IN

2  PART.

3  **I.    REQUESTS FOR JUDICIAL NOTICE**

4  Before addressing the substantive arguments before it, the Court considers the parties'

5  requests for judicial notice ("RJN").  *See* Defs.' RJN, ECF 43; Pl.'s RJN, ECF 48.  A court may

6  consider documents on a motion to dismiss without converting it into a motion for summary

7  judgment if the documents are judicially noticeable.  *See United States v. Ritchie*, 342 F.3d 903,

8  907 (9th Cir. 2003).  Specifically, on a motion to dismiss, a federal court may take judicial notice

9  of "documents whose contents are alleged in a complaint and whose authenticity no party

10  questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449,

11  454 (9th Cir. 2002), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d

12  1119, 1124 (9th Cir. 2002).  This rule serves to "prevent plaintiffs from surviving a Rule 12(b)(6)

13  motion by deliberately omitting documents upon which their claims are based." *Swartz v. KMPG*

14  *LLC*, 476 F.3d 756, 763 (9th Cir. 2007).

15  Defendants ask the Court to take judicial notice of a July 21, 2015, letter from Santa Clara

16  County Lead Deputy County Counsel Julie F. McKeller to Diane B. Weissburg.  Defs.' RJN.

17  Plaintiff objects to Defendants' request as in violation of Civ. L.R. 7-2.  Opp'n 6, ECF 47.

18  However, the Court cannot take judicial notice of the truth of the representations in the letter, and

19  it is offered for no other purpose.  Thus, the Court DENIES Defendants' request.  Plaintiff

20  similarly asks this Court to take judicial notice of an April 24, 2012, Department of Social

21  Services All County Letter regarding AB 717.  Defendants do not object to Plaintiff's request.

22  The document is appropriate for judicial notice and thus, Plaintiff's request is GRANTED.

23  **II.    DEFENDANTS' MOTION TO DISMISS**

24  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual

25  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

26  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When

27  considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true

28  and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St.*

United States District Court
Northern District of California

2

*Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court "need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Although Plaintiff filed an opposition to Defendants' motion to dismiss (ECF 47), at the hearing, Plaintiff agreed to voluntarily dismiss the *Monell* claim against the individual defendants, the conspiracy claim under section 1983, and the claim under Cal. Civil Code § 52.1.  Plaintiff also asked for leave to amend to allege a claim under section 1983 against the individual defendants in their individual capacities.  Defendants did not object to granting Plaintiff such leave to amend.  Accordingly, Defendants' motion as to the first cause of action as to Simmons and Acezes and the fourth cause of action against all Defendants is GRANTED WITHOUT LEAVE TO AMEND.  Defendants' motion as to the second cause of action is GRANTED WITHOUT LEAVE TO AMEND as to the conspiracy claim, but WITH LEAVE TO AMEND to allege a cause of action under section 1983 against Simmons and Acezes.

The only remaining claims are the *Monell* claim against the County and the claim for intentional infliction of emotional distress against all Defendants.  Defendants only challenge the latter in their motion to dismiss.[4]  To state a claim for intentional infliction of emotional distress ("IIED"), a party must plead: "(1) outrageous conduct by defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress."  *Bogard v. Emp'rs. Cas. Co.*, 164 Cal. App. 3d 602, 615 (Cal. 1985).  "It is not enough that the conduct be intentional and outrageous [, it] must be conduct directed at the plaintiff or occur in the presence of a plaintiff of whom the defendant is aware."  *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991).

Prasad alleges that Defendants intentionally caused him to be placed in the CACI database and subjected him to false accusations of sex abuse and pending criminal matters without any investigation, and that Defendants' conduct in doing so was "intentional, outrageous, malicious

---

[4] The Court previously denied Defendants' motion to dismiss the *Monell* claim against the County. *See* Order Granting in Part & Denying in Part Mot. to Dismiss & Granting in Part Mot. to Stay 3, ECF 35.

United States District Court
Northern District of California

and done for the purpose of or with reckless disregard for the consequences of the misconduct." FAC ¶¶ 95–96. Plaintiff further alleges that Defendants' "intentional specific fraudulent and deceitful acts" caused him "emotional suffering and mental distress, physical pain, the indignity of being labeled 'substantiated' for 'sexual abuse, assault, exploitation' abuser, fear, anxiety, and extreme mental anguish." *Id.* ¶ 96–97.

Defendants move to dismiss Plaintiff's IIED claim, claiming that he merely recites conclusory, formulaic allegations without factual support. Mot. 5. Plaintiff opposes Defendants' motion, and contends that he has pled facts that establish an IIED claim: First, the conduct complained of here is sufficiently extreme or outrageous to support an IIED claim against Defendants. Opp'n 19. Second, Defendants intentionally denied him an investigation prior to submitting the charges to the CACI databases knowing that the charges would impact Plaintiff in adoption, in pending family law matters, employment, and government clearances, and cause him emotional distress. *Id.* at 19–20. Finally, he has suffered severe and extreme emotional distress as a result of this conduct. *Id.* at 19. In reply, Defendants reassert their argument that Plaintiff's claim is conclusory. Reply ISO Mot. 2, ECF 51. At the hearing, Defendants also claimed that the conduct at issue could not be considered outrageous because it was government employees just doing their jobs.

The Court agrees with Plaintiff and finds that he has alleged facts that would permit this Court to conclude that Defendants' conduct was "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (citation and internal quotation marks omitted). In this case, Plaintiff previously received notice that his name was entered into CACI and the Child Welfare Services/Case Management System ("CWS/CMS"), a system that feeds into CACI. In the prior lawsuit, Prasad claimed that he was entitled to a second hearing regarding inclusion into the CWS database and a highly contentious lawsuit resulted. *See Prasad v. Santa Clara Dept. of Social Servs.*, No. 14-cv-00179 (N.D. Cal. filed Jan. 13, 2014). During that lawsuit, which is now being appealed to the Ninth Circuit, *see Prasad v. Santa Clara Dep't of Social Servs.*, No. 15-15256 (9th Cir.), Plaintiff made clear that he was suffering emotional distress from being entered into the database. If Plaintiff can prove that

4

1    Defendants intentionally re-entered his name into the CACI without a CANRA hearing or without

2    conducting any investigation, he may be able to show that Defendants' conduct was outrageous.

3    Accordingly, Defendants' motion to dismiss Plaintiff's third cause of action is DENIED.

4    **III.    DEFENDANTS' MOTION TO STRIKE**

5         Defendants also ask the Court to strike allegations pertaining to the 2009 child sex abuse

6    allegations against Prasad and the inclusion of his name and other information in the CWS/CMS

7    database.  Mot. 7.  Specifically, Defendants move to strike paragraphs 20, 29, 31, 32, 50–58, and

8    67–69 in their entirety and references to CWS/CMS and other related databases from paragraphs

9    40, 45, 47–49, 63–66, 70, 72–75, 80, 81, and 106.  Mot. 8.

10        Plaintiff contends that his prior inclusion in the CWS/CMS database is directly related to

11   the 2015 allegations and is integral to the complaint, and should therefore not be stricken.  Opp'n

12   25.  In reply, Defendants argue that this case is about a referral of a substantiated allegation of

13   child abuse to CACI without due process in 2015, and the extensive references to CWS/CMS and

14   its alleged evils will encourage confusion about the nature and scope of discovery.  Reply ISO

15   Mot. 4.

16        Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an

17   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

18   Civ. P. 12(f).  The function of a motion to strike "is to avoid the expenditure of time and money

19   that must arise from litigating spurious issues by dispensing with those issues prior to trial."

20   *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Motions to strike a

21   generally disfavored and "should not be granted unless the matter to be stricken clearly could have

22   no possible bearing on the subject of the litigation."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.

23   Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted).  "With a motion to strike . . . the court

24   should view the pleading in the light most favorable to the nonmoving party."  *Id.*  "Ultimately,

25   whether to grant a motion to strike lies within the sound discretion of the district court."  *Cruz v.

26   Bank of New York Mellon*, No. 12-cv-00846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012).

27        The Court agrees with Defendants and finds that the allegations pertaining to the prior

28   child sex abuse allegations against Prasad and the inclusion of his name and other information in

United States District Court
Northern District of California

5

the CWS/CMS database are irrelevant to this action.  This case is not about Prasad's 2009/2010 inclusion in the CWS/CMS database following a CANRA hearing; it is about Prasad's alleged 2015 inclusion in the CACI registry without a CANRA hearing.  Accordingly, the Court GRANTS IN PART Defendants' motion to strike portions of the FAC that relate generally to CWS/CMS and to Plaintiff's own CWS/CMS content that pre-existed the alleged 2015 CACI referral.  Allegations related to Plaintiff's CWS/CMS listing that were created to facilitate or support the alleged 2015 CACI referral are pertinent to the claims asserted and thus will not be stricken.  With that in mind, the Court rules on the motion as follows:

| Portions of the FAC | Result | Rationale |
| --- | --- | --- |
| ¶¶ 20; 40; 45; 47–49; 64; 67–69; 70; 72; 74; 75; 80; 81 | DENIED. | Contain background information or relate solely to the 2015 claim. |
| ¶¶ 29; 31; 32; 50–58; 65<br><br>Pages<br>16:11–12 (¶ 63)<br>16:25 (¶ 66)<br>18:15-16 (¶ 73)<br>27:23–25 (¶ 106) | STRICKEN.[5] | Pertain to all CWS information, not only 2015. |

## IV.   ORDER

For the foregoing reasons, it is HEREBY ORDERED that:

1.      Defendants' motion to dismiss Plaintiff's first cause of action is GRANTED WITHOUT LEAVE TO AMEND as to Simmons and Acezes.

2.      Defendants' motion to dismiss Plaintiff's second cause of action is GRANTED WITHOUT LEAVE TO AMEND the conspiracy claim and WITH LEAVE TO AMEND regarding a violation of section 1983 by Simons and Acezes.

3.      Defendants' motion to dismiss Plaintiff's third cause of action is DENIED.

4.      Defendants' motion to dismiss Plaintiff's fourth cause of action is GRANTED WITHOUT LEAVE TO AMEND.

---

[5] Unless otherwise indicated, the entire paragraph is STRICKEN.

United States District Court
Northern District of California

5.      Defendants' motion to strike portions of the FAC is GRANTED IN PART and DENIED IN PART, as detailed above and in the attached redlined version of the FAC.

6.      The Court lifts the stay on discovery (ECF 35).  Discovery is to proceed in accordance with the Court's ruling.

Plaintiff must file an amended complaint on or before November 30, 2016.

**IT IS SO ORDERED.**

Dated: October 28, 2016

BETH LABSON FREEMAN
United States District Judge