**WEISSBURG LAW FIRM**
DIANE B. WEISSBURG, Esq. (SBN 237136)
JERRY A. WEISSBURG, Esq. (SBN 086729)
12240 Venice Blvd., Suite 22
Los Angeles, CA 90066
Tel: 310/390-0807; Fax: 310/390-0560
E-mail: dbw_law@msn.com

Attorney for Plaintiff, Abhijit Prasad

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHIJIT PRASAD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF SOCIAL SERVICES, GAIL SIMMONS, GUADALUPE ACEZES, and DOES 1-20,<br>　　　　　　Defendants. | CASE NO.: 5:15-cv-04933-BLF<br><br>PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL<br><br>Honorable Beth Labson Freeman<br>COURTROOM: 3<br>Date:  February 7, 2019<br>Time:  9:00 AM |

　　　　Pursuant to Civil Local Rules 79-5 and 7-11 and the Amended Stipulated Protective Order entered by the Court on November 29, 2016 (ECF 70), Plaintiff Abhijit Prasad hereby moves for an order to file under seal confidential exhibits received from Santa Clara County Department of Social Services to his Motion for Summary Judgment.

　　　　Pursuant to Civil Local Rule 79-5(e), Plaintiff hereby notifies the Court that he has conditionally filed under seal the below-named documents which have been designated Confidential.

The exhibits that Plaintiff is filing concurrently are under protective orders from the Dependency Court and this Court (see Exhibits 22 through 25 to Declaration of Diane B. Weissburg), and thus Plaintiff is requesting that an order be granted allowing the exhibits to be filed under seal.

Specifically, Plaintiff will seek an order to seal the following exhibits:

1) Exhibit 4 (A-N) - CWS/CMS screenshots of Prasad from the Santa Clara County records;

2) Exhibit 5 - excerpts from the deposition transcript of Gale Simmons, with attachments A-G;

3) Exhibit 7 - excerpts from the deposition transcript of Michelle Williams, with attachment A;

4) Exhibit 10 - excerpts from the deposition transcript of Troy Meza, with attachments A-C.

Generally, a party seeking to seal judicial records bears the burden to demonstrate "compelling reasons" to deny the public access to public records. *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "This standard derives from the common law right `to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pacific Creditors Ass'n,* 565 F.3d 1106, 1115 (9th Cir.2009) ("compelling reasons" standard applies to seal a credit report attached to a summary judgment motion). The "compelling reasons" must be "supported by specific factual findings ... [that] outweigh the general history of access and the public policies favoring disclosure." *Id.*

However, a party must only demonstrate "good cause" to seal documents where either: (1) the documents are "private materials unearthed during discovery;" or (2) the documents are previously sealed discovery documents that are attached to nondispositive motions. *Id.* In *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir.2002), the Court applied the lower, "good

cause" standard to "materials filed with the court under seal pursuant to a valid protective order" because the court had already engaged in a "good cause" analysis to seal the documents and "much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action."

In this matter, the dependency court orders for release of and use of these records require that they be filed under seal in any civil proceeding; and almost every document has a minor or minors' name and personally identifying information on such documents. Additionally, there are documents which have information about minors' health and developmental progress, as well as other personally private information.

Plaintiff is not aware of any need for public access to these documents which include minors' personal information. Plaintiff believes that any right to public access to these documents is outweighed by the minors' private interests. Plaintiff respectfully requests that the Court find that there is compelling reason to allow all requested documents to be filed under seal in their entirety, grant Plaintiff's Motion, and issue an order allowing Plaintiff to file the subject exhibits under seal.

Dated: December 31, 2018        WEISSBURG LAW FIRM
                                *Diane B. Weissburg*
                                DIANE B. WEISSBURG
                                Attorney for Plaintiff

CERTIFICATE OF SERVICE

I certify that on 12/31/18, a copy of PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; DECLARATION OF DIANE B. WEISSBURG, ESQ. IN SUPPORT; AND [PROPOSED] ORDER TO MOTION TO FILE UNDER SEAL was served by e-mail on the following attorney in charge for Defendants Santa Clara County Department of Social Services, et al:

Stephen H. Schmid
Office of the County Counsel
stephen.schmid@cco.sccgov.org

I certify that on December 31, 2018, a copy of **PLAINTIFFS' UNREDACTED DOCUMENTS PROPOSED TO BE FILED UNDER SEAL** was served by US mail on the following attorney in charge for Defendants Santa Clara County Department of Social Services, et al:

Stephen H. Schmid
Office of the County Counsel
70 West Hedding Street, East Wing, Ninth Floor
San Jose, CA  95110-1770


Dated: 12/31/18

                                        *Diane B. Weissburg*
                                        DIANE B. WEISSBURG

///

///

///