**WEISSBURG LAW FIRM**
Diane B. Weissburg (237136)
Jerry A. Weissburg (087469)
12240 VENICE BLVD. SUITE 22
LOS ANGELES, CA 90066
Telephone:  (310) 390-0807 Facsimile:   (310) 390-0560
Attorneys for Plaintiff,
Abhijit Prasad

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHIJIT PRASAD,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF SOCIAL SERVICES, GAIL SIMMONS, GUADALUPE ACEZES, and DOES 1-20,<br><br>Defendants. | CASE NO.:  5:15-cv-04933-BLF<br><br>Hon. Beth Labson Freeman<br><br>**DECLARATION OF ABHIJIT PRASAD IN SUPPORT OF OPPOSITION TO DEFENDANTS' MSJ**<br><br>DATE:  February 7, 2019<br>TIME:   9:00 a.m.<br>LOCATION: 280 1st Street, San Jose, CA |

I ABHIJIT PRASAD, declare as follows:

1. The following is based upon my personal knowledge and if called upon as a witness, I could and would competently testify thereto.

2. I am an individual, a 51 year old resident of the County of San Joaquin County, State of California and Plaintiff in this action. I am a father of two children, S and K; a United States citizen; I worked in computer technology, and I was born in India.

3. All of the information contained herein is true and correct, is within my personal knowledge and, if called upon to testify, I could and would competently testify hereto.

4. I have never sexually abused my daughters.

5. I have never been charged or convicted of sexual abuse of my daughters.

1

6. I was never convicted of domestic violence of my wife; my wife was convicted of domestic violence of me.

7. I have never been convicted of a crime.

8. Defendants never filed a dependency action against me.

9. Due to the actions and efforts of the Defendants undertaken since 2009-2010, and 2015, I have been excluded from the life of my two children since 2009, and forced to live separately from my daughters.

10. As of June 2018, I have spent over $250,000.00 to get out of CACI, CWS/CMS systems, and the family law system, and became financially broken. Exhibit 1, attached hereto and incorporated herein by reference.

11. As a direct result of Defendants' actions I lost numerous work and business opportunities because I require high level government clearances to work around children in schools or hospitals, in the information technology field.

12. As a direct result of Defendants' actions, I lost the right to adopt or foster children, and I am unable to work as a teacher, or work around children. I wanted to adopt my girlfriend's daughter in 2014, but have been told by defendants if you are in the systems, you cannot be approved.

13. I have suffered from rapidly declining health and emotional trauma. I was denied even basic due process constitutional rights and reverted to a second class citizen where any official can decide my life based on secret records.

14. All of defendants' actions was done without any wrongdoing on my part and without even notifying me of the government officials' actions against me. During all that ordeal, my family and I had exhausted all legal and administrative remedies to convince Defendants to resolve all our issues in peaceful, amicable, least damaging and definitely cheaper for everybody involved way.

15. I was gainfully employed in computer services, which requires me to obtain high level government clearances.

16. The first involvement of the Defendant with my family happened in the middle

PRASAD DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

2

of a family law action in 2009 when my then wife (mother of my two children), accused me of child abuse five times during our custody action. In November 2009, my daughters did not speak good English and S was age 6, and K was age 4.

17. I am familiar with the files, pleadings, and facts in this case and could and would competently testify to all of the facts on the basis of my own personal knowledge.

18. I attended a Child Abuse Central Index ("CACI") hearing on July 15, 2010 for the alleged 2009-2010 inclusion in the databases. Mark Lane was the Hearing Officer. That hearing had to be continued because Santa Clara DSS did not give me documents related to my appeal of CACI inclusion, the only database I was told about.

19. Ronnie Smith defendants' CACI person told me I could only have a hearing for CACI, not any other database.

20. I attended a second CACI hearing on August 10, 2010. At that hearing there was Mark Lane as the Hearing Officer, two attorneys for Respondents, Harrison Taylor, Esq., and Kim Warsaw, Esq. In addition, the Respondents had Ronnie Smith as the Department Representative and the Worker Nana Chancellor.

21. In 2009 I was told by Chancellor and Smith that my information had been submitted to CACI for sexual abuse of my daughters only. In 2015 they changed the allegations to sexual abuse, assault and exploitation.

22. I did not know what the allegations against me were until the first hearing on 7/15/10.

23. DSS never gave me the report/tapes of the MDI interview.

24. The first time I saw the report/tapes of the MDI interview was March 2, 2015 in the Family Law Proceedings.

25. In April 2015 my family law attorney, Mr. Bayan, had me sign a request for self-inquiry to DOJ. That was the first time I learned that I had not been reported to CACI by DSS after all.

26. On April 7, 2015, I learned that Defendants put me in CACI as a new referral for 2015 of sex abuse, assault, and exploitation. Defendants admitted they did not conduct any investigation and Defendants never contacted me prior to that inclusion.

27. Defendants sent me a notice of my inclusion in CACI, with a form for me to request a CACI hearing for the 2015 inclusion in CACI.  Exhibit 2, attached hereto and incorporated herein by reference. I sent a demand for a CACI hearing back to the Defendants on April 15, 2015. Exhibit 3, attached hereto and incorporated herein by reference.

28. I have no memory of signing or receiving a response from DOJ to an October 2013 self-inquiry. If I had received the 2013 response, I would have notified the family law court in 2013, instead of waiting until April 2015.

29. I was told by my family law attorney that the only reason I have not been able to see my daughters was due to Ms. Chancellor claiming in 2010 that she had reported me to DOJ for sex abuse. Further, that Chancellor claimed I had criminal proceedings pending, which I did not.

30. I was still sharing the family home with my ex-wife at times, at the address on the October 2013 DOJ letter.  When my ex-wife and children were at the house, I was living with my brother, Manoj Prasad in San Jose.

31. My ex-wife never gave me a letter that came in the mail from DOJ in 2013.

I declare under penalty of perjury under the laws of the United States, and the State of California that the foregoing is true and correct to the best of my knowledge and ability.

Date:  January 6, 2019

Place: Dublin, CA 94568

ABHIJIT PRASAD

PRASAD DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

4