EXHIBIT 22

1
2
3
4
5
6

F I L E D

NOV 1 8 2014

DAVID H. ~~~~~~~
Chief Executive Officer/ Clerk
Superior Court of the County of Santa Clara
BY _____ DEPUTY

7          SUPERIOR COURT OF CALIFORNIA
8            COUNTY OF SANTA CLARA
9              JUVENILE DIVISION
10

11   In Re:                          **PROTECTIVE ORDER**

12                                    Case Nos.:
                                      1-10-JD-020125
13       SANJANA PRASAD               1-14-JD-022534
         KAJOL PRASAD
14

15

16          The release of the attached documents ("Documents") pursuant to Welfare and
17   Institutions Code section 827 is subject to the conditions set forth below.

18          Welfare and Institutions Code section 827, subdivision (a)(4), provides in part that: "A
19   juvenile case file, any portion thereof, and information relating to the content of the juvenile case
20   file, may not be disseminated by the receiving agencies to any persons or agencies, other than
21   those persons or agencies authorized to receive documents pursuant to this action. Further, a
22   juvenile case file, any portion thereof, and information relating to the content of the juvenile case
23   file, may not be made as an attachment to any other documents without the prior approval of the
24   presiding judge of the juvenile court." "While this provision prohibiting dissemination speaks
25   only of dissemination by receiving agencies, it has been held to prohibit the dissemination of
26   juvenile court records by individuals as well as agencies." (*In re Keisha T.* (1995) 38
27   Cal.App.4th 220, 234.)

28

Protective Order                                                          1

1           The Documents released are to be used only in United States District Court, Northern

2    District of California Case No. 3:14-cv-00179-RS. Experts are permitted to use the Documents

3    for purposes of the pending proceeding, but shall return the Documents to counsel in a timely

4    manner. Social workers are permitted to discuss the contents of the Documents, and also to

5    testify regarding the same if called as a witness. The Documents may be disclosed to necessary

6    persons in the pending proceeding, as determined by the trial judge and subject to any additional

7    orders made by that judge. Except as otherwise provided herein, the Documents shall not be

8    published, disseminated, copied, or placed on the Internet. Upon completion of the pending

9    proceeding, the petitioner is ordered to either return the Documents to the Court or destroy and

10   discard them.

11

12

13   Date: _____11/14/14_____          _Shawna Schwarz_____

14                                     Shawna Schwarz
                                       Judge of the Juvenile Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Protective Order

2

**JV-574**   **Order After Judicial Review**

(1) Name of applicant: Diane Weissburg, Esq.

**The court finds and orders:**

(2) ☐ After a review of the juvenile case file and review of any filed objections ☐ and a noticed hearing, the court denies the request. Disclosure is not in the best interest of the child.

(3) ☑ After a review of the juvenile case file and review of any filed objections ☐ and a noticed hearing, the court grants the request. The applicant has shown by a preponderance of the evidence that the records requested are necessary and have substantial relevance to the legitimate needs of the applicant. The court has balanced these needs with the child's best interest. The court finds the need for disclosure outweighs the policy considerations favoring confidentiality of juvenile records.

a. ☑ The following records may be disclosed:
   See Attachment 1, Section A

b. ☐ The procedure for providing access is:

c. ☐ See attached.

(4) ☐ The child is deceased, and the request is granted.

a. ☐ The court has read and considered the following:

b. ☐ There is a presumption under Welfare and Institutions Code section 827(a)(2)(B) in favor of the release of the documents unless a statutory reason for confidentiality is shown to exist. The court has balanced only the interests of the child who is the subject of the juvenile case file and the interests of other children who may be named in the file with _____.

---

Clerk stamps date here when form is filed.

FILED

NOV 1 8 2014

DAVID H. YAMA.....
Chief Executive Officer/Clerk
Superior Court of the County of Santa Clara
BY _____ DEPUTY

Fill in court name and street address:
**Superior Court of California, County of Santa Clara, Juvenile Dependency**
115 Terraine Street
San Jose, CA 95110

Fill in child's name and date of birth:
**Child's Name:** Kajol Prasad
**Date of Birth:** 11/9/05

Fill in case number:
**Case Number:**
1-14-JD-022534

---

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2013  Mandatory Form
Welfare and Institutions Code, § 827;
California Rules of Court, rules 5.552, 5.553

**Order After Judicial Review**

JV-574, Page 1 of 2
→

| | Case Number: |
|---|---|
| | 1-14-JD-022534 |

Your name: Diane Weissburg, Esq.

**(4)** c. ☐ The following records may be disclosed:

_____
_____
_____
_____

d. ☐ The procedure for providing access is:

_____
_____
_____
_____

e. Any information that relates to another child or could identify another child, except for information about the deceased, must be redacted.

f. ☐ See attached.

**(5)** ☐ The child is deceased and the request is denied. The court finds by a preponderance of the evidence that disclosure of the juvenile case file or of any portion of it is detrimental to the safety, protection, or physical or emotional well-being of another child who is directly or indirectly connected to the juvenile case that is the subject of the request.

**Additional orders:**

**(6)** ☐ Applicant may not give the information to anyone who is not specified in Welfare and Institutions Code section 827 or 827.10.

**(7)** ☑ Disclosure subject to protective order *(list orders):* See separately filed Protective Order

_____
_____
_____

**(8)** ☑ Release of records listed in item 3a only.

**(9)** ☑ Release of records with redaction.

**(10)** ☑ Other:
See Attachment 1, Section B
_____

**(11)** ☐ See attached.

Date: 11/14/14

▶ *Shawna Schwarz*

*Judge (or Judicial Officer)* **SHAWNA SCHWARZ**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In re: Kajol Prasad | 1-14-JD-022534 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

SECTION A:

1. Suspected Child Abuse Report dated 11/16/09
2. Screener Narrative (referral date 11/16/09)
3. Investigation Narrative (referral date 11/16/09)
4. Emergency Response Referral Information dated 11/16/09
5. Delivered Service Log from 11/16/09 to 12/30/09
6. Emergency Response Notice of Referral Disposition dated 12/30/09
7. Child Abuse Summary Report dated 2/9/10
8. Screener Narrative (referral date 12/30/09)
9. Investigation Narrative (referral date 12/30/09)
10. Emergency Response Referral Information dated 12/30/09
11. Delivered Service Log from 12/30/09 to 3/17/10
12. Letter to Ms. Chancellor from Abhijit Prasad dated 12/31/09
13. Emails between Nana Chancellor and Komal Rattan from 11/26/09 to 1/11/10 with attached Pleasanton Police Report No. 2008-00025031
14. Request for Grievance Hearing dated 3/8/10
15. Letter to Abhijit Prasad from Dana Sugiyama dated 3/26/10
16. Letter to Abhijit Prasad from Dana Sugiyama dated 4/14/10
17. Letter to Abhijit Prasad from Ronni Smith dated 5/27/10
18. Delivered Service Log from 5/27/10 to 5/27/10
19. Delivered Service Log from 6/1/10 to 6/1/10
20. Letter to Abhijit Prasad from Ronni Smith dated 6/7/10
21. Fax to Ms. Ronni Smith from Abhijit Prasad dated 6/7/10
22. Letter to Abhijit Prasad from Ronni Smith dated 6/20/10
23. Transcription of Grievance Hearing
24. Letter to Sirs/Mesdames from Abhijit Prasad dated 6/10/10 with attached photographs
25. County of Alameda Families & Children's Bureau Child Custody Mediation Report dated 1/12/10
26. Investigation Narrative (referral date 7/7/09)
27. Reporter's Transcript of Proceedings dated 1/13/10
28. Reporter's Transcript of Proceedings dated 1/21/10
29. Investigation Narrative (referral date 8/15/08)
30. Photographs of Master Bath
31. Tracy Police Department Report No. 09-10703
32. Pleasanton Police Department Report No. 2009-00059957
33. Superior Court of California, County of Alameda Order dated 11/25/09
34. Plaintiff's Exhibit List for Trial dated 1/13/10 with attached medical records
35. Tracy Police Department Report No. 08-07487 with attached Detention Certificate dated 8/25/08
36. Tracy Police Department Report No. 07-10662
37. Photograph of Ms. Melara and Minors dated 12/21/08
38. Reporter's Transcript of Proceedings dated 2/19/10
39. Letter from Bab M. Patel, M.D. dated 3/1/10
40. Information on Atenolol dated 2/27/10

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In re: Kajol Prasad | 1-14-JD-022534 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

41. Letter to Mr. Prasad from Claudia G dated 11/25/09
42. County of Alameda Families & Children's Bureau Child Custody Mediation Report dated 9/29/08
43. Email to Abhijit Prasad from Komal Rattan dated 7/7/09
44. Letter to Sirs/Mesdames from Abhijit Prasad dated 7/10/09
45. Notice of Child Abuse Central Index Listing dated 2/9/10 with attached Request for Grievance Hearing
46. UPS Tracking Information dated 1/21/10
47. AT&T Monthly Statement dated 2/7/10
48. Findings and Order After Hearing dated 6/16/09
49. Petition for the Dissolution of Marriage dated 8/20/09
50. Letter from Kami Arac dated 10/22/09 with attached Declaration by Jennifer Silva with handwritten notes
51. Tracy Police Department Report No. 06-02878
52. Resident History Report dated 10/5/09
53. Emails between Komal Rattan and Monica Corrales from 10/31/07 and 11/13/07
54. Summons dated 11/14/07
55. Findings and Order After Hearing dated 1/14/09
56. Disability Benefits dated 6/24/08
57. Tracy Police Department Incident Inquiry dated 3/1/10
58. Criminal Writ Petition dated 4/8/09
59. Letter to Komal Rattan from Joyce E. Weterdahl dated 2/23/07
60. Letter to Mr. Abhijit Prasad from Kristine Reed dated 5/26/10
61. Temporary Driver License for Leydi Melara
62. State of California Commission on Teacher Credentialing for Glenda Galleta Teogalbo with copy of Driver License
63. Handwritten notes with names, addresses, and phone numbers of nannies Mr. Prasad reviewed
64. Child and Dependent Care Expenses (Form 2441) for 2008
65. Findings and Order After Hearing dated 9/17/09
66. Letter to Mr. Reuben from Abhijit Prasad undated
67. Fax to Ms. Chancellor from Abhijit Prasad dated 1/4/10 with attachments
68. Grievance Officer Recommendation and Summary of Findings dated 8/23/10
69. Letter to Mr. Will Lightbourne from Mark Lane dated 8/23/10
70. Letter to Abhijit Prasad from Will Lightbourne dated 8/25/10

SECTION B:

The Court advises the petitioner that allegations have been made that previous protective orders issued by the juvenile court regarding the use and dissemination of released juvenile records were violated by her client. The Court encourages the petitioner to caution her client concerning the potential consequences for such a violation.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page   2   of   2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT 23

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS:   201 North First Street, San Jose, CA 95113<br>MAILING ADDRESS:   191 North First Street<br>CITY AND ZIP CODE:   San Jose, California 95113<br>BRANCH NAME:   Family Justice Courthouse - Juvenile Dependency | **FILED**<br>DATED: 4/18/2017<br>Clerk of the Court<br>Superior Court of California<br>County of Santa Clara<br>By: _____<br>J. Razo, Deputy Clerk |
| IN THE MATTER OF:<br><br>SANJANA PRASAD   DOB: 2/4/2003 | |
| PROOF OF SERVICE<br>WIC 827 Petition For Disclosure of Juvenile Court Records | PETITION NUMBER:<br>10JD020125 |

1.   I served a copy of the following document(s):

    a. ☐   JV-571 Notice of Request for Disclosure
    b. ☐   JV-569 Proof of Service – Request for Disclosure  *(County Counsel and DFCS only)*
    c. ☐   JV-570 Request for Disclosure of Juvenile Case File
    d. ☐   JV-572 Objection to Release of Juvenile Case File (blank)
    e. ☒   Notice of Protective Order, filed: 4/18/2017
    f. ☒   Notice of JV-574 Order After Judicial Review, filed: 4/18/2017

### MANNER OF SERVICE:

2.   INTEROFFICE MAIL ("PONY") - By placing copies in a sealed envelope to those as outlined below and depositing the envelope in the addressee's interoffice mail bin located in the Juvenile Dependency Clerk's Office/Facility, at 201 N. First Street, San José, CA 95113.

        1. Kristin Baker, Deputy County Counsel
        2. Meheret Sellassie, DFCS, Custodian of Records
        3. Legal Advocates for Children and Youth
        4.

3.   FIRST CLASS MAIL ("MAIL") - By placing copies in a sealed envelope to those as outlined below and depositing the envelope at my place of business for same day collection and mailing with the United States mail, following our ordinary business practices.

        1. Sanjana Prasad, minor, 7832 Stoneleaf Road, San Ramon, CA 94582-5667
        2. Komal Rattan, mother, 7832 Stoneleaf Road, San Ramon, CA 94582-5667
        3. Diane Weissburg, attorney for father, (310)390-0807, 1842 Washington Way, suite B, Venice, CA 90291

4.   At the time of service I was at least 18 years of age and not a party to this matter. I am employed in the county where the mailing occurred. My business address is 201 N. First Street, San José, CA 95113. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/18/2017

                              Clerk, by _____, Deputy
                              J. Razo



FILED

APR 1 8 2017

Clerk of the Court
County of CA County of Santa Clara
Superior Court     DEPUTY
BY_____
JULIA RAZO

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

**JUVENILE DIVISION**

| | |
|---|---|
| In Re:  SANJANA PRASAD | **PROTECTIVE ORDER** |
| | Case No. 2010-1-JD-020125 |

The release of the attached documents ("Documents") pursuant to Welfare and Institutions Code section 827 is subject to the conditions set forth below.

Welfare and Institutions Code section 827, subdivision (a)(4), provides in part that: "A juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, may not be disseminated by the receiving agencies to any persons or agencies, other than those persons or agencies authorized to receive documents pursuant to this section. Further, a juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, may not be made as an attachment to any other documents without the prior approval of the presiding judge of the juvenile court." "While this provision prohibiting dissemination speaks only of dissemination by receiving agencies, it has been held to prohibit the dissemination of juvenile court records by individuals as well as agencies." (*In re Keisha T.* (1995) 38 Cal.App.4th 220, 234.)

The Documents released are to be used only in United States District Court, Northern District of California Case No. 15CV4933BLF. Experts are permitted to use the Documents for purposes of the pending proceeding, but shall return the Documents to counsel in a timely

Protective Order                                                                                                1

1  manner. Social workers are permitted to discuss the contents of the Documents, and also to

2  testify regarding the same if called as a witness. The Documents may be disclosed to necessary

3  persons in the pending federal action, as determined by the trial judge and subject to any

4  additional orders made by that judge. Except as otherwise provided herein, the Documents shall

5  not be published, disseminated, copied, or placed on the Internet. Upon completion of the

6  pending proceeding, the petitioner is ordered to either return the Documents to the Court or

7  destroy and discard them.

8

9

10  Date:    4/18/17                                      Shawna Schwarz

11                                                        Shawna Schwarz
                                                          Judge of the Juvenile Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Protective Order                                                                          2

**JV-574**    **Order After Judicial Review**

*Clerk stamps date here when form is filed.*

**FILED**

APR 1 8 2017

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ JULIA RAZO DEPUTY

(1)  Name of applicant: Diane Weissburg

**The court finds and orders:**

(2)  ☐  After a review of the juvenile case file and review of any filed
objections  ☐  and a noticed hearing,  the court denies the
request. Disclosure is not in the best interest of the child.

(3)  ☑  After a review of the juvenile case file and review of any filed
objections  ☐  and a noticed hearing,  the court grants the
request. The applicant has shown by a preponderance of the
evidence that the records requested are necessary and have
substantial relevance to the legitimate needs of the applicant. The
court has balanced these needs with the child's best interest. The
court finds the need for disclosure outweighs the policy
considerations favoring confidentiality of juvenile records.

*Fill in court name and street address:*

**Superior Court of California, County of**
Santa Clara, Juvenile Dependency
201 N. First Street
San Jose, CA 95113

*Fill in child's name and date of birth:*

**Child's Name:** Sanjana Prasad

**Date of Birth:** 2/4/03

*Fill in case number:*

**Case Number:**
2010-1-JD-020125

   a.  ☑  The following records may be disclosed:
   See Attachment 1
   _____
   _____
   _____
   _____

   b.  ☐  The procedure for providing access is:
   _____
   _____
   _____
   _____
   _____

   c.  ☐  See attached.

(4)  ☐  The child is deceased, and the request is granted.
   a.  ☐  The court has read and considered the following:
   _____
   _____
   _____
   _____
   _____

   b.  ☐  There is a presumption under Welfare and Institutions Code section 827(a)(2)(B) in favor of the release
   of the documents unless a statutory reason for confidentiality is shown to exist. The court has balanced
   only the interests of the child who is the subject of the juvenile case file and the interests of other
   children who may be named in the file with _____.

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2013, Mandatory Form
Welfare and Institutions Code, § 827;
California Rules of Court, rules 5.552, 5.553

**Order After Judicial Review**

JV-574, Page 1 of 2
→

Your name: Diane Weissburg

Case Number:
2010-1-JD-020125

(4)  c. ☐ The following records may be disclosed:

_____
_____
_____
_____
_____

d. ☐ The procedure for providing access is:

_____
_____
_____
_____
_____

e. Any information that relates to another child or could identify another child, except for information about the deceased, must be redacted.

f. ☐ See attached.

(5) ☐ The child is deceased and the request is denied. The court finds by a preponderance of the evidence that disclosure of the juvenile case file or of any portion of it is detrimental to the safety, protection, or physical or emotional well-being of another child who is directly or indirectly connected to the juvenile case that is the subject of the request.

**Additional orders:**

(6) ☐ Applicant may not give the information to anyone who is not specified in Welfare and Institutions Code section 827 or 827.10.

(7) ☑ Disclosure subject to protective order *(list orders):* see separately filed Protective Order.

_____
_____
_____
_____

(8) ☑ Release of records listed in item 3a only.

(9) ☑ Release of records with redaction.

(10) ☐ Other: _____
_____

(11) ☐ See attached.

Date: 4/18/17

▶ _Shawna Schwarz_
*Judge (or Judicial Officer)*   **SHAWNA SCHWARZ**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In Re: Sanjana Prasad | 2010-1-JD-020125 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

1. Suspected Child Abuse Report dated 11/16/09
2. Screener Narrative (referral date 11/16/09)
3. Investigation Narrative (referral date 11/16/09)
4. Emergency Response Referral Information dated 11/16/09
5. Delivered Service Log from 11/16/09 to 12/30/09
6. Emergency Response Notice of Referral Disposition dated 12/30/09
7. Child Abuse Summary Report dated 2/9/10
8. Screener Narrative (referral date 12/30/09)
9. Investigation Narrative (referral date 12/30/09)
10. Emergency Response Referral Information dated 12/30/09
11. Delivered Service Log from 12/30/09 to 3/17/10
12. Letter to Ms. Chancellor from Abhijit Prasad dated 12/31/09
13. Emails between Nana Chancellor and Komal Rattan from 11/26/09 to 1/11/10 with attached Pleasanton
    Police Report No. 2008-00025031
14. Request for Grievance Hearing dated 3/8/10
15. Letter to Abhijit Prasad from Dana Sugiyama dated 3/26/10
16. Letter to Abhijit Prasad from Dana Sugiyama dated 4/14/10
17. Letter to Abhijit Prasad from Ronni Smith dated 5/27/10
18. Delivered Service Log from 5/27/10 to 5/27/10
19. Delivered Service Log from 6/1/10 to 6/1/10
20. Letter to Abhijit Prasad from Ronni Smith dated 6/7/10 with attached Grievance Procedures for
    Challenging Reference to the Child Abuse Central Index
21. Fax to Ms. Ronni Smith from Abhijit Prasad dated 6/7/10
22. Letter to Abhijit Prasad from Ronni Smith dated 6/20/10
23. Transcription of Grievance Hearing
24. Letter to Sirs/Mesdames from Abhijit Prasad dated 6/10/10 with attached photographs
25. County of Alameda Families & Children's Bureau Child Custody Mediation Report dated 1/12/10
26. Investigation Narrative (referral date 7/7/09)
27. Reporter's Transcript of Proceedings dated 1/13/10
28. Reporter's Transcript of Proceedings dated 1/21/10
29. Investigation Narrative (referral date 8/15/08)
30. Photographs of Master Bath
31. Tracy Police Department Report No. 09-10703
32. Pleasanton Police Department Report No. 2009-00059957
33. Superior Court of California, County of Alameda Order dated 11/25/09
34. Plaintiff's Exhibit List for Trial dated 1/13/10 with attached medical records
35. Tracy Police Department Report No. 08-07487 with attached Detention Certificate dated 8/25/08
36. Tracy Police Department Report No. 07-10662
37. Photograph of Ms. Melara and Minors dated 12/21/08
38. Reporter's Transcript of Proceedings dated 2/19/10
39. Letter from Bab M. Patel, M.D. dated 3/1/10
40. Information on Atenolol dated 2/27/10
41. Letter to Mr. Prasad from Claudia G dated 11/25/09
42. County of Alameda Families & Children's Bureau Child Custody Mediation Report dated 9/29/08

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*     Page __1__ of __3__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

| | |
|---|---|
| SHORT TITLE: | CASE NUMBER: |
| In Re: Sanjana Prasad | 2010-1-JD-020125 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

43. Email to Abhijit Prasad from Komal Rattan dated 7/7/09
44. Letter to Sirs/Mesdames from Abhijit Prasad dated 7/10/09
45. Notice of Child Abuse Central Index Listing dated 2/9/10 with attached Request for Grievance Hearing
46. UPS Tracking Information dated 1/21/10
47. AT&T Monthly Statement dated 2/7/10
48. Findings and Order After Hearing dated 6/16/09
49. Petition for the Dissolution of Marriage dated 8/20/09
50. Letter from Kami Arac dated 10/22/09 with attached Declaration by Jennifer Silva with handwritten notes
51. Tracy Police Department Report No. 06-02878
52. Resident History Report dated 10/5/09
53. Emails between Komal Rattan and Monica Corrales from 10/31/07 and 11/13/07
54. Summons dated 11/14/07
55. Findings and Order After Hearing dated 1/14/09
56. Disability Benefits dated 6/24/08
57. Tracy Police Department Incident Inquiry dated 3/1/10
58. Criminal Writ Petition dated 4/8/09
59. Letter to Komal Rattan from Joyce E. Weterdahl dated 2/23/07
60. Letter to Mr. Abhijit Prasad from Kristine Reed dated 5/26/10
61. Temporary Driver License for Leydi Melara
62. State of California Commission on Teacher Credentialing for Glenda Galleta Teogalbo with copy of Driver License
63. Handwritten notes with names, addresses, and phone numbers of nannies Mr. Prasad reviewed
64. Child and Dependant Care Expenses (Form 2441) for 2008
65. Findings and Order After Hearing dated 9/17/09
66. Letter to Mr. Reuben from Abhijit Prasad undated
67. Fax to Ms. Chancellor from Abhijit Prasad dated 1/4/10 with attachments
68. Grievance Officer Recommendation and Summary of Findings dated 8/23/10
69. Letter to Mr. Will Lightbourne from Mark Lane dated 8/23/10
70. Letter to Abhijit Prasad from Will Lightbourne dated 8/25/10
71. Investigation Narrative (referral date 12/30/09) with Addendum dated April 7, 2015
72. Notice of Child Abuse Central Index Listing dated 4/7/15
73. Grievance Procedures for Challenging Reference to the Child Abuse Central Index
74. Request for Grievance Hearing dated 4/15/15
75. Child Abuse or Severe Neglect Indexing Form dated 4/7/15
76. Email between Tiapepe Uiagalelei to Ronni Smith dated 4/14/15
77. Emails between Midday Tovar, Ronni Smith, Harrison Taylor, Robert Coelho, Julie McKellar, Elizabeth Morgan, Stephen Schmid and Stanley Lee from 4/10/15 and 4/14/15

The Court notes in order to establish good cause for disclosure, a petitioner is required to "describe in detail the reasons the records are being sought and their relevancy to the proceeding or purpose for which petitioner wishes to inspect or obtain the record." (Cal. Rules of Court, rule 5.552(c).) Local Juvenile Rule 1-K(4) similarly mandates that a petition for disclosure of juvenile records "shall set forth with specificity the materials sought and the relevance of the materials to the underlying action," including "the specific details of the related legal action." The petitioner made a conclusory assertion that she needs the requested records for

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 2 of 3

*(Add pages as required)*

**ATTACHMENT
to Judicial Council Form**

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In Re: Sanjana Prasad | 2010-1-JD-020125 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

use in the pending federal action, with no further explanation whatsoever as to why they are needed or the nature and scope of the action. She therefore failed to satisfy her burden of establishing good cause. The Court could have summarily denied the petition for that reason. With that said, the nature and scope of the federal action is reflected in a separate petition for disclosure filed by the defendants' counsel in the federal action, so the Court considered that information in evaluating the petition. The petitioner is advised that noncompliance with the specificity requirements prescribed by California Rule of Court, rule 5.552 and Local Juvenile Rule 1-K(4) may result in the summary denial of any future petitions.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page   3   of   3

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

*www.courtinfo.ca.gov*

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS:   201 North First Street, San Jose, CA 95113<br>MAILING ADDRESS:   191 North First Street<br>CITY AND ZIP CODE:   San Jose, California 95113<br>BRANCH NAME:   Family Justice Courthouse - Juvenile Dependency | **FILED**<br>DATED: 4/18/2017<br>Clerk of the Court<br>Superior Court of California<br>County of Santa Clara<br>By_____<br>J. Razo, Deputy Clerk |
| IN THE MATTER OF:<br><br>KAJOL PRASAD   DOB: 11/9/2005 | |
| **PROOF OF SERVICE**<br>WIC 827 Petition For Disclosure of Juvenile Court Records | PETITION NUMBER:<br>14JD022534 |

1.   I served a copy of the following document(s):

    a. ☐   JV-571 Notice of Request for Disclosure
    b. ☐   JV-569 Proof of Service – Request for Disclosure  *(County Counsel and DFCS only)*
    c. ☐   JV-570 Request for Disclosure of Juvenile Case File
    d. ☐   JV-572 Objection to Release of Juvenile Case File (blank)
    e. ☒   Notice of Protective Order, filed: 4/18/2017_____
    f. ☒   Notice of JV-574 Order After Judicial Review, filed: 4/18/2017_____

MANNER OF SERVICE:

2.   INTEROFFICE MAIL ("PONY") - By placing copies in a sealed envelope to those as outlined below and depositing the envelope in the addressee's interoffice mail bin located in the Juvenile Dependency Clerk's Office/Facility, at 201 N. First Street, San José, CA 95113.
    1. Kristin Baker, Deputy County Counsel
    2. Meheret Sellassie, DFCS, Custodian of Records
    3. Legal Advocates for Children and Youth
    4.

3.   FIRST CLASS MAIL ("MAIL") - By placing copies in a sealed envelope to those as outlined below and depositing the envelope at my place of business for same day collection and mailing with the United States mail, following our ordinary business practices.
    1. Kajol Prasad, minor, 7832 Stoneleaf Road, San Ramon, CA 94582-5667
    2. Komal Rattan, mother, 7832 Stoneleaf Road, San Ramon, CA 94582-5667
    3. Diane Weissburg, attorney for father, (310)390-0807, 1842 Washington Way, suite B, Venice, CA 90291

4.   At the time of service I was at least 18 years of age and not a party to this matter. I am employed in the county where the mailing occurred. My business address is 201 N. First Street, San José, CA 95113. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/18/2017

Clerk, by _____, Deputy
J. Razo

**JV-574**    **Order After Judicial Review**

*Clerk stamps date here when form is filed.*

**FILED**

APR 1 8 2017

Clerk of the Court
Court of CA County of Santa Clara
Superior Court of CA County DEPUTY
JULIA RAZO

**(1)** Name of applicant: Diane Weissburg

**The court finds and orders:**

**(2)** ☐ After a review of the juvenile case file and review of any filed objections ☐ and a noticed hearing,  the court denies the request. Disclosure is not in the best interest of the child.

**(3)** ☑ After a review of the juvenile case file and review of any filed objections ☐ and a noticed hearing,  the court grants the request. The applicant has shown by a preponderance of the evidence that the records requested are necessary and have substantial relevance to the legitimate needs of the applicant. The court has balanced these needs with the child's best interest. The court finds the need for disclosure outweighs the policy considerations favoring confidentiality of juvenile records.

*Fill in court name and street address:*

Superior Court of California, County of Santa Clara, Juvenile Dependency
201 N. First Street
San Jose, CA 95113

*Fill in child's name and date of birth:*

**Child's Name:** Kajol Prasad

**Date of Birth:** 11/9/05

*Fill in case number:*

**Case Number:**
2014-1-JD-022534

   a. ☑ The following records may be disclosed:
      See Attachment 1

   b. ☐ The procedure for providing access is:

   c. ☐ See attached.

**(4)** ☐ The child is deceased, and the request is granted.

   a. ☐ The court has read and considered the following:

   b. ☐ There is a presumption under Welfare and Institutions Code section 827(a)(2)(B) in favor of the release of the documents unless a statutory reason for confidentiality is shown to exist. The court has balanced only the interests of the child who is the subject of the juvenile case file and the interests of other children who may be named in the file with _____.

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2013, Mandatory Form
Welfare and Institutions Code, § 827;
California Rules of Court, rules 5.552, 5.553

**Order After Judicial Review**

JV-574, Page 1 of 2 →

Case Number:

2014-1-JD-022534

Your name: Diane Weissburg

**(4)**   c. ☐ The following records may be disclosed:

_____

_____

_____

_____

_____

d. ☐ The procedure for providing access is:

_____

_____

_____

_____

_____

e. Any information that relates to another child or could identify another child, except for information about the deceased, must be redacted.

f. ☐ See attached.

**(5)** ☐ The child is deceased and the request is denied. The court finds by a preponderance of the evidence that disclosure of the juvenile case file or of any portion of it is detrimental to the safety, protection, or physical or emotional well-being of another child who is directly or indirectly connected to the juvenile case that is the subject of the request.

**Additional orders:**

**(6)** ☐ Applicant may not give the information to anyone who is not specified in Welfare and Institutions Code section 827 or 827.10.

**(7)** ☑ Disclosure subject to protective order *(list orders):* see separately filed Protective Order.

_____

_____

_____

_____

**(8)** ☑ Release of records listed in item 3a only.

**(9)** ☑ Release of records with redaction.

**(10)** ☐ Other:

_____

_____

**(11)** ☐ See attached.

Date: 4 / 18 / 17

▶ Shawna Schwarz

*Judge (or Judicial Officer)*   **SHAWNA SCHWARZ**

MC-025

| | |
|---|---|
| SHORT TITLE:<br>In Re: Kajol Prasad | CASE NUMBER:<br>2014-1-JD-022534 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

1. Suspected Child Abuse Report dated 11/16/09
2. Screener Narrative (referral date 11/16/09)
3. Investigation Narrative (referral date 11/16/09)
4. Emergency Response Referral Information dated 11/16/09
5. Delivered Service Log from 11/16/09 to 12/30/09
6. Emergency Response Notice of Referral Disposition dated 12/30/09
7. Child Abuse Summary Report dated 2/9/10
8. Screener Narrative (referral date 12/30/09)
9. Investigation Narrative (referral date 12/30/09)
10. Emergency Response Referral Information dated 12/30/09
11. Delivered Service Log from 12/30/09 to 3/17/10
12. Letter to Ms. Chancellor from Abhijit Prasad dated 12/31/09
13. Emails between Nana Chancellor and Komal Rattan from 11/26/09 to 1/11/10 with attached Pleasanton Police Report No. 2008-00025031
14. Request for Grievance Hearing dated 3/8/10
15. Letter to Abhijit Prasad from Dana Sugiyama dated 3/26/10
16. Letter to Abhijit Prasad from Dana Sugiyama dated 4/14/10
17. Letter to Abhijit Prasad from Ronni Smith dated 5/27/10
18. Delivered Service Log from 5/27/10 to 5/27/10
19. Delivered Service Log from 6/1/10 to 6/1/10
20. Letter to Abhijit Prasad from Ronni Smith dated 6/7/10 with attached Grievance Procedures for Challenging Reference to the Child Abuse Central Index
21. Fax to Ms. Ronni Smith from Abhijit Prasad dated 6/7/10
22. Letter to Abhijit Prasad from Ronni Smith dated 6/20/10
23. Transcription of Grievance Hearing
24. Letter to Sirs/Mesdames from Abhijit Prasad dated 6/10/10 with attached photographs
25. County of Alameda Families & Children's Bureau Child Custody Mediation Report dated 1/12/10
26. Investigation Narrative (referral date 7/7/09)
27. Reporter's Transcript of Proceedings dated 1/13/10
28. Reporter's Transcript of Proceedings dated 1/21/10
29. Investigation Narrative (referral date 8/15/08)
30. Photographs of Master Bath
31. Tracy Police Department Report No. 09-10703
32. Pleasanton Police Department Report No. 2009-00059957
33. Superior Court of California, County of Alameda Order dated 11/25/09
34. Plaintiff's Exhibit List for Trial dated 1/13/10 with attached medical records
35. Tracy Police Department Report No. 08-07487 with attached Detention Certificate dated 8/25/08
36. Tracy Police Department Report No. 07-10662
37. Photograph of Ms. Melara and Minors dated 12/21/08
38. Reporter's Transcript of Proceedings dated 2/19/10
39. Letter from Bab M. Patel, M.D. dated 3/1/10
40. Information on Atenolol dated 2/27/10
41. Letter to Mr. Prasad from Claudia G dated 11/25/09
42. County of Alameda Families & Children's Bureau Child Custody Mediation Report dated 9/29/08

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  1  of  3

*(Add pages as required)*

**ATTACHMENT**
**to Judicial Council Form**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In Re: Kajol Prasad | 2014-1-JD-022534 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

43. Email to Abhijit Prasad from Komal Rattan dated 7/7/09
44. Letter to Sirs/Mesdames from Abhijit Prasad dated 7/10/09
45. Notice of Child Abuse Central Index Listing dated 2/9/10 with attached Request for Grievance Hearing
46. UPS Tracking Information dated 1/21/10
47. AT&T Monthly Statement dated 2/7/10
48. Findings and Order After Hearing dated 6/16/09
49. Petition for the Dissolution of Marriage dated 8/20/09
50. Letter from Kami Arac dated 10/22/09 with attached Declaration by Jennifer Silva with handwritten notes
51. Tracy Police Department Report No. 06-02878
52. Resident History Report dated 10/5/09
53. Emails between Komal Rattan and Monica Corrales from 10/31/07 and 11/13/07
54. Summons dated 11/14/07
55. Findings and Order After Hearing dated 1/14/09
56. Disability Benefits dated 6/24/08
57. Tracy Police Department Incident Inquiry dated 3/1/10
58. Criminal Writ Petition dated 4/8/09
59. Letter to Komal Rattan from Joyce E. Weterdahl dated 2/23/07
60. Letter to Mr. Abhijit Prasad from Kristine Reed dated 5/26/10
61. Temporary Driver License for Leydi Melara
62. State of California Commission on Teacher Credentialing for Glenda Galleta Teogalbo with copy of Driver
   License
63. Handwritten notes with names, addresses, and phone numbers of nannies Mr. Prasad reviewed
64. Child and Dependant Care Expenses (Form 2441) for 2008
65. Findings and Order After Hearing dated 9/17/09
66. Letter to Mr. Reuben from Abhijit Prasad undated
67. Fax to Ms. Chancellor from Abhijit Prasad dated 1/4/10 with attachments
68. Grievance Officer Recommendation and Summary of Findings dated 8/23/10
69. Letter to Mr. Will Lightbourne from Mark Lane dated 8/23/10
70. Letter to Abhijit Prasad from Will Lightbourne dated 8/25/10
71. Investigation Narrative (referral date 12/30/09) with Addendum dated April 7, 2015
72. Notice of Child Abuse Central Index Listing dated 4/7/15
73. Grievance Procedures for Challenging Reference to the Child Abuse Central Index
74. Request for Grievance Hearing dated 4/15/15
75. Child Abuse or Severe Neglect Indexing Form dated 4/7/15
76. Email between Tiapepe Uiagalelei to Ronni Smith dated 4/14/15
77. Emails between Midday Tovar, Ronni Smith, Harrison Taylor, Robert Coelho, Julie McKellar, Elizabeth
   Morgan, Stephen Schmid and Stanley Lee from 4/10/15 and 4/14/15

The Court notes in order to establish good cause for disclosure, a petitioner is required to "describe in detail the reasons the records are being sought and their relevancy to the proceeding or purpose for which petitioner wishes to inspect or obtain the record." (Cal. Rules of Court, rule 5.552(c).) Local Juvenile Rule 1-K(4) similarly mandates that a petition for disclosure of juvenile records "shall set forth with specificity the materials sought and the relevance of the materials to the underlying action," including "the specific details of the related legal action." The petitioner made a conclusory assertion that she needs the requested records for

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 2 of 3

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In Re: Kajol Prasad | 2014-1-JD-022534 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

use in the pending federal action, with no further explanation whatsoever as to why they are needed or the nature and scope of the action. She therefore failed to satisfy her burden of establishing good cause. The Court could have summarily denied the petition for that reason. With that said, the nature and scope of the federal action is reflected in a separate petition for disclosure filed by the defendants' counsel in the federal action, so the Court considered that information in evaluating the petition. The petitioner is advised that noncompliance with the specificity requirements prescribed by California Rule of Court, rule 5.552 and Local Juvenile Rule 1-K(4) may result in the summary denial of any future petitions.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 3 of 3

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

FILED

APR 1 8 2017

~~~ Court
C~~~ County of Santa Clara
Super~~~ Cou~ of ~~~     DEPUTY
BY ~~~ JULIA RAZO

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
### JUVENILE DIVISION

| In Re:  KAJOL PRASAD | PROTECTIVE ORDER |
|---|---|
| | Case No. 2014-1-JD-022534 |

The release of the attached documents ("Documents") pursuant to Welfare and Institutions Code section 827 is subject to the conditions set forth below.

Welfare and Institutions Code section 827, subdivision (a)(4), provides in part that: "A juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, may not be disseminated by the receiving agencies to any persons or agencies, other than those persons or agencies authorized to receive documents pursuant to this section. Further, a juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, may not be made as an attachment to any other documents without the prior approval of the presiding judge of the juvenile court." "While this provision prohibiting dissemination speaks only of dissemination by receiving agencies, it has been held to prohibit the dissemination of juvenile court records by individuals as well as agencies." (*In re Keisha T.* (1995) 38 Cal.App.4th 220, 234.)

The Documents released are to be used only in United States District Court, Northern District of California Case No. 15CV4933BLF. Experts are permitted to use the Documents for purposes of the pending proceeding, but shall return the Documents to counsel in a timely

Protective Order

1  manner. Social workers are permitted to discuss the contents of the Documents, and also to
2  testify regarding the same if called as a witness. The Documents may be disclosed to necessary
3  persons in the pending federal action, as determined by the trial judge and subject to any
4  additional orders made by that judge. Except as otherwise provided herein, the Documents shall
5  not be published, disseminated, copied, or placed on the Internet. Upon completion of the
6  pending proceeding, the petitioner is ordered to either return the Documents to the Court or
7  destroy and discard them.

8
9
10  Date:  4/18/17

        Shawna Schwarz
11                                            Shawna Schwarz
                                              Judge of the Juvenile Court
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Protective Order                                                              2

# EXHIBIT 24

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>  STREET ADDRESS:   201 North First Street, San Jose, CA 95113<br>  MAILING ADDRESS:   191 North First Street<br>  CITY AND ZIP CODE:   San Jose, California 95113<br>  BRANCH NAME:   Family Justice Courthouse - Juvenile Dependency | **FILED**<br>DATED: 7/16/2018<br>Clerk of the Court<br>Superior Court of California<br>County of Santa Clara<br>By<br>J. Razo, Deputy Clerk |
| IN THE MATTER OF:<br><br>  KAJOL PRASAD   DOB: 11/9/2005 | |
| PROOF OF SERVICE<br>WIC 827  Petition For Disclosure of Juvenile Court Records | PETITION NUMBER:<br>14JD022534 |

1.   I served a copy of the following document(s):

   a.  ☐  JV-571 Notice of Request for Disclosure
   b.  ☐  JV-569 Proof of Service – Request for Disclosure  *(County Counsel and DFCS only)*
   c.  ☐  JV-570 Request for Disclosure of Juvenile Case File
   d.  ☐  JV-572 Objection to Release of Juvenile Case File (blank)
   e.  ☒  Notice of Protective Order, filed: 7/16/2018_____
   f.  ☒  Notice of JV-574 Order After Judicial Review, filed: 7/16/2018_____

MANNER OF SERVICE:

2.  INTEROFFICE MAIL ("PONY") - By placing copies in a sealed envelope to those as outlined below and depositing the envelope in the addressee's interoffice mail bin located in the Juvenile Dependency Clerk's Office/Facility, at 201 N. First Street, San José, CA  95113.

   1. Kristin Baker, Deputy County Counsel
   2. Meheret Sellassie, DFCS, Custodian of Records
   3. Legal Advocates for Children and Youth
   4.

3.  FIRST CLASS MAIL ("MAIL") - By placing copies in a sealed envelope to those as outlined below and depositing the envelope at my place of business for same day collection and mailing with the United States mail, following our ordinary business practices.

   1. Kajol Prasad, minor, 7832 Stoneleaf Road, San Ramon, CA 94582-5667
   2. Komal Rattan, mother, 7832 Stoneleaf Road, San Ramon, CA 94582-5667
   3. Diane Weissburg, petitioner and attorney for father, 1842 Washington Way, suite B, Venice, CA 90291
   **(Clerk's Office to call petitioner for costs 310/390-0807 and mail or schedule pick up)**

4.  At the time of service I was at least 18 years of age and not a party to this matter.  I am employed in the county where the mailing occurred.  My business address is 201 N. First Street, San José, CA  95113.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/16/2018

Clerk, by _____, Deputy
J. Razo

**JV-574**   Order After Judicial Review

Clerk stamps date here when form is filed.

F I L E D

JUL 1 6 2018

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

(1) Name of applicant: Diane Weissburg

**The court finds and orders:**

(2) ☐ After a review of the juvenile case file and review of any filed objections ☐ and a noticed hearing, the court denies the request. Disclosure is not in the best interest of the child.

(3) ☑ After a review of the juvenile case file and review of any filed objections ☐ and a noticed hearing, the court grants the request. The applicant has shown by a preponderance of the evidence that the records requested are necessary and have substantial relevance to the legitimate needs of the applicant. The court has balanced these needs with the child's best interest. The court finds the need for disclosure outweighs the policy considerations favoring confidentiality of juvenile records.

Fill in court name and street address:

Superior Court of California, County of Santa Clara, Juvenile Dependency
201 N. First Street
San Jose, CA 95113

Fill in child's name and date of birth:

Child's Name: Kajol Prasad

Date of Birth: 11/9/05

Fill in case number:

Case Number:
2014-1-JD-022543

a. ☑ The following records may be disclosed:

The petition is granted in part as described
in Attachment 1.

b. ☐ The procedure for providing access is:

c. ☐ See attached.

(4) ☐ The child is deceased, and the request is granted.

a. ☐ The court has read and considered the following:

b. ☐ There is a presumption under Welfare and Institutions Code section 827(a)(2)(B) in favor of the release of the documents unless a statutory reason for confidentiality is shown to exist. The court has balanced only the interests of the child who is the subject of the juvenile case file and the interests of other children who may be named in the file with _____.

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2013, Mandatory Form
Welfare and Institutions Code, § 827;
California Rules of Court, rules 5.552, 5.553

**Order After Judicial Review**

| Case Number: |
|---|
| 2014-1-JD-022543 |

Your name: Diane Weissburg

(4)    c. ☐ The following records may be disclosed:

_____

_____

_____

_____

_____

   d. ☐ The procedure for providing access is:

_____

_____

_____

_____

_____

   e. Any information that relates to another child or could identify another child, except for information about the deceased, must be redacted.

   f. ☐ See attached.

(5) ☐ The child is deceased and the request is denied. The court finds by a preponderance of the evidence that disclosure of the juvenile case file or of any portion of it is detrimental to the safety, protection, or physical or emotional well-being of another child who is directly or indirectly connected to the juvenile case that is the subject of the request.

**Additional orders:**

(6) ☐ Applicant may not give the information to anyone who is not specified in Welfare and Institutions Code section 827 or 827.10.

(7) ☑ Disclosure subject to protective order *(list orders):* See Protective Order filed on or about April 18, 2017 relative to the petitioner's prior 827 petition.

_____

_____

_____

(8) ☑ Release of records listed in item 3a only.

(9) ☑ Release of records with redaction.

(10) ☑ Other:
   See Attachment 1

_____

(11) ☐ See attached.

   Date: 7/13/18      ▶   Shawna Schwarz
                                      *Judge (or Judicial Officer)*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In re: Kajol Prasad | 2014-1-JD-022543 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

The first category of documents sought by the petitioner, particularly "CWS/CMS detail of transactions from 2009 to date," is not especially clear.  Given that the petitioner already received numerous records from the minor's physical DFCS file and County Counsel subsequently filed a request for disclosure of CWS/CMS screenshots relative to the underlying federal civil rights action, it is presumed the petitioner here is referring to information maintained in the CWS/CMS electronic database that is not necessarily preserved in physical form in a family's DFCS file.

The petition for disclosure is GRANTED as to the screenshots from CWS/CMS produced by DFCS regarding Abhijit Prasad, with pages numbered 1-90.  The print form of some of the screenshots may be difficult to read due to the size of the images.  Thus, the petitioner is hereby authorized to directly request electronic copies or enlarged print copies from DFCS if she deems the print records unreadable.  DFCS is ordered to ensure that any such production includes redactions made in the print documents being released, which match redactions in previously released documents.

The second category of requested documents is limited to hard copies of any records generated in 2015.  This request is redundant of the petitioner's prior 827 petition, which encompassed the documents sought here.  The Court already released to her all responsive documents found in the minor's juvenile file, apart from the subsequently produced screenshots that were not available in print form when the prior 827 petition was processed.  To the extent the petitioner is otherwise suggesting that DFCS should search all "state used databases" for entries related to her client and extract data for her, the request is patently overbroad.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | FOR COURT USE ONLY |
|---|---|
| **STREET ADDRESS:**   201 North First Street, San Jose, CA 95113 <br> **MAILING ADDRESS:**   191 North First Street <br> **CITY AND ZIP CODE:**   San Jose, California 95113 <br> **BRANCH NAME:**   Family Justice Courthouse - Juvenile Dependency | **FILED** <br> DATED: 7/16/2018 <br> Clerk of the Court <br> Superior Court of California <br> County of Santa Clara <br> By: _____ <br> J. Razo, Deputy Clerk |
| IN THE MATTER OF: <br><br> SANJANA PRASAD   DOB: 2/4/2003 | |
| PROOF OF SERVICE <br> WIC 827 Petition For Disclosure of Juvenile Court Records | PETITION NUMBER <br> 10JD020125 |

1.  I served a copy of the following document(s):

    a. ☐ JV-571 Notice of Request for Disclosure
    b. ☐ JV-569 Proof of Service – Request for Disclosure **(County Counsel and DFCS only)**
    c. ☐ JV-570 Request for Disclosure of Juvenile Case File
    d. ☐ JV-572 Objection to Release of Juvenile Case File (blank)
    e. ☒ Notice of Protective Order, filed: 7/16/2018
    f. ☒ Notice of JV-574 Order After Judicial Review, filed: 7/16/2018

### MANNER OF SERVICE:

2.  INTEROFFICE MAIL ("PONY") - By placing copies in a sealed envelope to those as outlined below and depositing the envelope in the addressee's interoffice mail bin located in the Juvenile Dependency Clerk's Office/Facility, at 201 N. First Street, San José, CA  95113.

    1. Kristin Baker, Deputy County Counsel
    2. Meheret Sellassie, DFCS, Custodian of Records
    3. Legal Advocates for Children and Youth
    4.

3.  FIRST CLASS MAIL ("MAIL") - By placing copies in a sealed envelope to those as outlined below and depositing the envelope at my place of business for same day collection and mailing with the United States mail, following our ordinary business practices.

    1. Sanjana Prasad, minor, 7832 Stoneleaf Road, San Ramon, CA 94582-5667
    2. Komal Rattan, mother, 7832 Stoneleaf Road, San Ramon, CA 94582-5667
    3. Diane Weissburg, petitioner and attorney for father, 1842 Washington Way, suite B, Venice, CA 90291

**(Clerk's Office to call petitioner for costs 310/390-0807 and mail or schedule pick up)**

4.  At the time of service I was at least 18 years of age and not a party to this matter.  I am employed in the county where the mailing occurred. My business address is 201 N. First Street, San José, CA  95113. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/16/2018

Clerk, by _____, Deputy
J. Razo

**JV-574**   **Order After Judicial Review**

*Clerk stamps date here when form is filed.*

F I L E D

JUL 1 6, 2018

Clerk of the Court
Superior Court of CA County of Santa Clara
BY: _____ DEPUTY

(1)  Name of applicant: Diane Weissburg

**The court finds and orders:**

(2)  ☐  After a review of the juvenile case file and review of any filed objections  ☐  and a noticed hearing,   the court denies the request. Disclosure is not in the best interest of the child.

(3)  ☑  After a review of the juvenile case file and review of any filed objections  ☐  and a noticed hearing,   the court grants the request. The applicant has shown by a preponderance of the evidence that the records requested are necessary and have substantial relevance to the legitimate needs of the applicant. The court has balanced these needs with the child's best interest. The court finds the need for disclosure outweighs the policy considerations favoring confidentiality of juvenile records.

a.  ☑  The following records may be disclosed:

The petition is granted in part as described
in Attachment 1.

b.  ☐  The procedure for providing access is:

c.  ☐  See attached.

(4)  ☐  The child is deceased, and the request is granted.

a.  ☐  The court has read and considered the following:

b.  ☐  There is a presumption under Welfare and Institutions Code section 827(a)(2)(B) in favor of the release of the documents unless a statutory reason for confidentiality is shown to exist. The court has balanced only the interests of the child who is the subject of the juvenile case file and the interests of other children who may be named in the file with _____.

*Fill in court name and street address:*

Superior Court of California, County of
Santa Clara, Juvenile Dependency
201 N. First Street
San Jose, CA 95113

*Fill in child's name and date of birth:*

Child's Name: Sanjana Prasad

Date of Birth: 2/4/03

*Fill in case number:*

Case Number:
2010-1-JD-020125

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2013, Mandatory Form
Welfare and Institutions Code, § 827;
California Rules of Court, rules 5.552, 5.553          **Order After Judicial Review**          JV-574, Page 1 of 2 →

Your name: Diane Weissburg

| Case Number: |
| --- |
| 2010-1-JD-020125 |

**(4)**   c. ☐ The following records may be disclosed:

_____

_____

_____

_____

_____

d. ☐ The procedure for providing access is:

_____

_____

_____

_____

e. Any information that relates to another child or could identify another child, except for information about the deceased, must be redacted.

f. ☐ See attached.

**(5)** ☐ The child is deceased and the request is denied. The court finds by a preponderance of the evidence that disclosure of the juvenile case file or of any portion of it is detrimental to the safety, protection, or physical or emotional well-being of another child who is directly or indirectly connected to the juvenile case that is the subject of the request.

**Additional orders:**

**(6)** ☐ Applicant may not give the information to anyone who is not specified in Welfare and Institutions Code section 827 or 827.10.

**(7)** ☑ Disclosure subject to protective order *(list orders):* See Protective Order filed on or about April 18, 2017 relative to the petitioner's prior 827 petition.

_____

_____

**(8)** ☑ Release of records listed in item 3a only.

**(9)** ☑ Release of records with redaction.

**(10)** ☑ Other:
See Attachment 1
_____

**(11)** ☐ See attached.

Date: 7/13/18

▶ *Shawna Schwarz*
*Judge (or Judicial Officer)*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In re: Sanjana Prasad | 2010-1-JD-020125 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

The first category of documents sought by the petitioner, particularly "CWS/CMS detail of transactions from 2009 to date," is not especially clear. Given that the petitioner already received numerous records from the minor's physical DFCS file and County Counsel subsequently filed a request for disclosure of CWS/CMS screenshots relative to the underlying federal civil rights action, it is presumed the petitioner here is referring to information maintained in the CWS/CMS electronic database that is not necessarily preserved in physical form in a family's DFCS file.

The petition for disclosure is GRANTED as to the screenshots from CWS/CMS produced by DFCS regarding Abhijit Prasad, with pages numbered 1-90. The print form of some of the screenshots may be difficult to read due to the size of the images. Thus, the petitioner is hereby authorized to directly request electronic copies or enlarged print copies from DFCS if she deems the print records unreadable. DFCS is ordered to ensure that any such production includes redactions made in the print documents being released, which match redactions in previously released documents.

The second category of requested documents is limited to hard copies of any records generated in 2015. This request is redundant of the petitioner's prior 827 petition, which encompassed the documents sought here. The Court already released to her all responsive documents found in the minor's juvenile file, apart from the subsequently produced screenshots that were not available in print form when the prior 827 petition was processed. To the extent the petitioner is otherwise suggesting that DFCS should search all "state used databases" for entries related to her client and extract data for her, the request is patently overbroad.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT 25

E-filed 11/29/2016

JAMES R. WILLIAMS, County Counsel (S.B. #271253)
STEPHEN H. SCHMID, Deputy County Counsel (S.B. #078055)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA (Erroneously sued
as Santa Clara County Department of Social
Services), GAIL SIMMONS, and
GUADALUPE ACEZES

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| ABHIJIT PRASAD,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF SOCIAL SERVICES, GAIL SIMMONS, GUADALUPE ACEZES, and DOES 1-20,<br><br>    Defendants. | No. 15-CV-4933 BLF<br>AMENDED<br>**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION** |

1.    PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

1

1  applied when a party seeks permission from the court to file material under seal.

2  2.    DEFINITIONS

3        2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

4  information or items under this Order.

5        2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

6  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

7  Civil Procedure 26(c).

8        2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well

9  as their support staff).

10       2.4    Designating Party:  a Party or Non-Party that designates information or items that it

11 produces in disclosures or in responses to discovery as "CONFIDENTIAL."

12       2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium

13 or manner in which it is generated, stored, or maintained (including, among other things, testimony,

14 transcripts, and tangible things), that are produced or generated in disclosures or responses to

15 discovery in this matter.

16       2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to

17 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

18 consultant in this action.

19       2.7    House Counsel:  attorneys who are employees of a party to this action. House

20 Counsel does not include Outside Counsel of Record or any other outside counsel.

21       2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal

22 entity not named as a Party to this action.

23       2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action

24 but are retained to represent or advise a party to this action and have appeared in this action on

25 behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

26       2.10   Party:  any party to this action, including all of its officers, directors, employees,

27 consultants, retained experts, and Outside Counsel of Record (and their support staffs).

28 / /

2.11  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

1  time limits for filing any motions or applications for extension of time pursuant to applicable law.

For a period of six months after final disposition of this litigation, this court will

2  5.    DESIGNATING PROTECTED MATERIAL retain jurisdiction to enforce the terms of this Order.

3      5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or

4  Non-Party that designates information or items for protection under this Order must take care to

5  limit any such designation to specific material that qualifies under the appropriate standards.  The

6  Designating Party must designate for protection only those parts of material, documents, items, or

7  oral or written communications that qualify – so that other portions of the material, documents,

8  items, or communications for which protection is not warranted are not swept unjustifiably within

9  the ambit of this Order.

10     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

11 to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

12 encumber or retard the case development process or to impose unnecessary expenses and burdens on

13 other parties) expose the Designating Party to sanctions.

14     If it comes to a Designating Party's attention that information or items that it designated for

15 protection do not qualify for protection, that Designating Party must promptly notify all other Parties

16 that it is withdrawing the mistaken designation.

17     5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

18 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

19 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

20 designated before the material is disclosed or produced.

21     Designation in conformity with this Order requires:

22         (a)    for information in documentary form (e.g., paper or electronic documents, but

23 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

24 affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion

25 or portions of the material on a page qualifies for protection, the Producing Party also must clearly

26 identify the protected portion(s) (e.g., by making appropriate markings in the margins).

27     A Party or Non-Party that makes original documents or materials available for inspection

28 need not designate them for protection until after the inspecting Party has indicated which material it

4

would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution <u>process</u> by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may ~~proceed to the next stage of the challenge process~~ <span style="color:red">seek judicial intervention</span> only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. <span style="color:red">The Challenging Party may serve notice of a challenge, including a challenge to some or all of a deposition transcript, at any time for good cause.</span>

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the <span style="color:red">parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes.  Any Discovery Dispute Joint Report shall affirm compliance with both the terms of paragraph 6.2 in this protective order and subsequent compliance with the separate meet-and-confer requirements in the Standing Order re Civil Discovery Disputes.</span> ~~Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant~~ <span style="color:red">Any Discovery Dispute Joint Report related</span> to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by ~~the preceding paragraph.~~ <span style="color:red">both paragraph 6.2 of this protective order and the separate Standing Order requirements.</span>

/ /

1    The burden of persuasion in any such challenge proceeding shall be on the Designating

2    Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

3    unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

4    Unless the Designating Party has waived the confidentiality designation by failing to ~~file a motion to~~ seek judicial intervention

5    ~~retain confidentiality~~ as described above, all parties shall continue to afford the material in question

6    the level of protection to which it is entitled under the Producing Party's designation until the court

7    rules on the ~~challenge~~. *Discovery Dispute Joint Report.*

8    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

10   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

12   the categories of persons and under the conditions described in this Order. When the litigation has

13   been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

14   DISPOSITION).

15       Protected Material must be stored and maintained by a Receiving Party at a location and in a

16   secure manner that ensures that access is limited to the persons authorized under this Order.

17       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

18   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

19   information or item designated "CONFIDENTIAL" only to:

20       (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

21   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

22   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

23   Bound" that is attached hereto as Exhibit A;

24       (b)    the officers, diretors, and employees (including House Counsel) of the

25   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

26   the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27       (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is

28   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

7

1  to Be Bound" (Exhibit A);

2  (d)  the court and its personnel;

3  (e)  court reporters and their staff, professional jury or trial consultants, mock jurors,

4  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

5  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6  (f)  during their depositions, witnesses in the action to whom disclosure is

7  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

8  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

9  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

10  separately bound by the court reporter and may not be disclosed to anyone except as permitted under

11  this Stipulated Protective Order.

12  (g)  the author or recipient of a document containing the information or a custodian

13  or other person who otherwise possessed or knew the information.

14  8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

15  LITIGATION

16  If a Party is served with a subpoena or a court order issued in other litigation that compels

17  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

18  must:

19  (a)  promptly notify in writing the Designating Party.  Such notification shall

20  include a copy of the subpoena or court order;

21  (b)  promptly notify in writing the party who caused the subpoena or order to issue

22  in the other litigation that some or all of the material covered by the subpoena or order is subject to

23  this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

24  (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

25  Designating Party whose Protected Material may be affected.

26  If the Designating Party timely seeks a protective order, the Party served with the subpoena

27  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

28  before a determination by the court from which the subpoena or order issued, unless the Party has

1    obtained the Designating Party's permission. The Designating Party shall bear the burden and

2    expense of seeking protection in that court of its confidential material – and nothing in these

3    provisions should be construed as authorizing or encouraging a Receiving Party in this action to

4    disobey a lawful directive from another court.

5    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

6          LITIGATION

7          (a)    The terms of this Order are applicable to information produced by a Non-Party

8    in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

9    connection with this litigation is protected by the remedies and relief provided by this Order.

10   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

11   protections.

12          (b)    In the event that a Party is required, by a valid discovery request, to produce a

13   Non-Party's confidential information in its possession, and the Party is subject to an agreement with

14   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

15          (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of

16   the information requested is subject to a confidentiality agreement with a Non-Party;

17          (2)    promptly provide the Non-Party with a copy of the Stipulated Protective

18   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the

19   information requested; and

20          (3)    make the information requested available for inspection by the Non-Party.

21          (c)    If the Non-Party fails to object or seek a protective order from this court within

22   14 days of receiving the notice and accompanying information, the Receiving Party may produce the

23   Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

24   seeks a protective order, the Receiving Party shall not produce any information in its possession or

25   control that is subject to the confidentiality agreement with the Non-Party before a determination by

26   the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

27   seeking protection in this court of its Protected Material.

28   / /

9

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. All discovery and disclosure disputes are subject to the undersigned's Standing Order.

/ /

/ /

/ /

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

       I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature /S/ within this e-filed document.

Dated: November 28, 2016                          _____/S/_____
                                          DIANE B. WEISSBURG, ESQ.

                                          Attorney for Plaintiff

Dated: November 28, 2016                          _____/S/_____
                                          STEPHEN H. SCHMID

                                          Attorneys for Defendant
                                          COUNTY OF SANTA CLARA,
                                          GAIL SIMMONS, and
                                          GUADALUPE ACEZES

### ORDER

AS MODIFIED BY THE COURT

       PURSUANT TO STIPULATION^, IT IS SO ORDERED.

Dated: _____11/29/2016_____                       _____
                                          HOWARD R. LLOYD
                                          United States Magistrate Judge

**<u>EXHIBIT A</u>**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Abhijit Prasad v. Santa Clara County Department of Social Services; Case No. 15-CV-4933 BLF.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

1424634

13

# EXHIBIT 26

## RE: Prasad - Joint Stip

### Schmid, Stephen <Stephen.Schmid@cco.sccgov.org>

Wed 12/19/2018, 3:59 PM

**To:** Diane Weissburg <dbw_law@msn.com>; kim Vokolek <kvokolek@gmail.com>;
Jerry Weissburg <dj88law@hotmail.com>

Diane:  I was going to file my own administrative motion to seal for specific documents we both obtained through 827 petition.  To eliminate confusion we should proceed separately regarding sealing documents.  So long as your sealed documents are protected by 827 or upon some other valid grounds and I have access to them, I will not oppose your administrative motion to seal.  Steve

---

**From:** Diane Weissburg <dbw_law@msn.com>
**Sent:** Wednesday, December 19, 2018 3:53 PM
**To:** Schmid, Stephen <Stephen.Schmid@cco.sccgov.org>; kim Vokolek <kvokolek@gmail.com>; Jerry Weissburg <dj88law@hotmail.com>; Diane Weissburg <dbw_law@msn.com>
**Subject:** Fw: Prasad - Joint Stip

### Steve,

Here is my draft of the joint stip that must be filed with the Motion to file under seal with the MSJ.

Feel free to edit, sign and return to me.
Diane

---

Virus-free. [www.avast.com](http://www.avast.com)