**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABHIJIT PRASAD,<br><br>  Plaintiff,<br><br>  v.<br><br>GAIL SIMMONS, et al.,<br><br>  Defendants. | Case No. 15-cv-04933-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>[Re: ECF 89, 98, 110] |

Before the Court are the parties' administrative motions to file under seal portions of their briefing and exhibits in connection with Defendants' motion for summary judgment (ECF 84) and Plaintiff's motion for summary judgment (ECF 101). ECF 89, 98, 110. For the reasons stated below, the motions are GRANTED IN PART, DENIED IN PART with prejudice, and DENIED IN PART without prejudice.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be

2

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Plaintiff and Defendants' sealing motions and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of some of the submitted documents. The Court's rulings on the sealing requests are set forth below.

### A. ECF 89 re Defendants' Motion for Summary Judgment

Defendants seek to seal Exhibits A–I to the Declaration of Darlene Silva in support of Defendants' Motion for Summary Judgment. ECF 89. Exhibits A–I document the referral, investigation, determination, and contest of a report of child sex abuse, including sensitive information regarding minor victims of alleged sex abuse. ECF 89 at 2. These records were obtained by state court order pursuant to California Welfare and Institutions Code § 827, which governs access to and use of child dependency records, for release only to limited persons for limited purposes. Given the sensitive information in these documents regarding alleged abuse of minor children, the Court finds compelling reasons to seal each of these documents in its entirety. The motion to seal at ECF 89 is GRANTED.

### B. ECF 98 re Plaintiff's Motion for Summary Judgment

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 101-2 | Exhibit 4 (A-N) to the Weissburg Decl. ISO Pl. MSJ - CWS/CMS screenshots of Prasad from the Santa Clara County records | GRANTED. | Contains minors' personally identifying information and information regarding results of alleged abuse of minor children, as well as personally identifying information of the Plaintiff. Weissburg Decl. ISO Sealing ¶ 9, ECF 98-1. Thus, compelling reasons exist to seal the document. |

3

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 101-2 | Exhibit 5 to the Weissburg Decl. – excerpts from the deposition transcript of Gale Simmons, with attachments A–G | DENIED WITHOUT PREJUDICE. | The request is not narrowly tailored. Though some of the documents herein are sealable, as described above, most of the deposition excerpt and most of the attachments thereto are not. Confidential information regarding minor children is incredibly sparse.<br><br>Plaintiff is ORDERED to file unredacted versions of this exhibit or a more narrowly tailored motion to seal no earlier than 4 days and no later than 10 days from the date of this order. |
| 101-2 | Exhibit 7 to Weissburg Decl. – excerpts from the deposition transcript of Michelle Williams, with attachment A | GRANTED as to Plaintiff's date of birth.<br><br>DENIED WITH PREJUDICE as to remainder. | There are compelling reasons to seal Plaintiff's date of birth, but Plaintiff has not presented compelling reasons to seal the remainder.<br><br>Plaintiff is ORDERED to file unredacted versions of this exhibit no earlier than 4 days and no later than 10 days from the date of this order. |
| 101-2 | Exhibit 10 to Weissburg Decl. – excerpts from the deposition transcript of Troy Meza, with attachments A–C | DENIED WITHOUT PREJUDICE. | The request is not narrowly tailored. Though portions may be sealable, as described above, most of the deposition excerpt and the attachments thereto are not. Confidential information regarding minor children is incredibly sparse.<br><br>Plaintiff is ORDERED to file unredacted versions of this exhibit or a more narrowly tailored motion to seal no earlier than 4 days and no later than 10 days from the date of this order. |

**C. ECF 110 re Plaintiff's Opposition to Defendants' Motion for Summary Judgment**

Plaintiff seeks to seal Exhibits 2 and 3 to the Prasad Declaration in support of Plaintiff's Opposition to Defendants' motion for summary judgment (ECF 107-4). ECF 110. Exhibit 2 is a Notice of Child Abuse Central Index Listing, dated 4/7/15, and Exhibit 3 is a Request for Grievance Hearing, dated 4/15/15. These records were obtained by state court order pursuant to

4

California Welfare and Institutions Code § 827, which governs access to and use of child dependency records, for release only to limited persons. Given the sensitive information in these documents regarding alleged abuse of minor children, the Court finds compelling reasons to seal each of these documents in its entirety. The motion to seal at ECF 110 is GRANTED.

### D. Re ECF 94, 95

Defendants did not seek leave to file ECF 94 (Exhibit O to the Harrison Taylor Declaration) or ECF 95 (Exhibit P to the Judy McKellar Declaration) under seal and did not file unredacted copies with the Court. Defendants are hereby ORDERED to file unredacted versions of these exhibits or a motion to seal no earlier than 4 days and no later than 10 days from the date of this order. Any motion to seal must include an unredacted version of these documents, unless Defendants do not possess such a version.

## III. CONCLUSION

The motion to seal at ECF 89, 110 is GRANTED; ECF 98 is GRANTED in part, DENIED WITHOUT PREJUDICE in part, and DENIED WITH PREJUDICE in part.

Defendants are hereby ORDERED to file unredacted versions of ECF 94 and ECF 95 or a motion to seal no earlier than 4 days and no later than 10 days from the date of this order.

**IT IS SO ORDERED.**

Dated: January 23, 2019

_____
BETH LABSON FREEMAN
United States District Judge