**WEISSBURG LAW FIRM**
DIANE B. WEISSBURG, Esq. (SBN 237136)
JERRY A. WEISSBURG, Esq. (SBN 086729)
12240 Venice Blvd., Suite 22
Los Angeles, CA 90066
Tel: 310/390-0807; Fax: 310/390-0560
E-mail: dbw_law@msn.com

Attorney for Plaintiff, Abhijit Prasad

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHIJIT PRASAD,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF SOCIAL SERVICES, GAIL SIMMONS, GUADALUPE ACEZES, and DOES 1-20,<br>    Defendants. | CASE NO.: 5:15-cv-04933-BLF<br><br>PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL<br><br>Honorable Beth Labson Freeman<br>COURTROOM: 3<br>Date: February 7, 2019<br>Time: 9:00 AM |

  Pursuant to Civil Local Rules 79-5 and 7-11, the Amended Stipulated Protective Order entered by the Court on November 29, 2016 (ECF 70), and this Court's Order entered on January 23, 2019 (ECF 120), Plaintiff Abhijit Prasad hereby moves for an order to file under seal confidential exhibits received from Santa Clara County Department of Social Services to his Motion for Summary Judgment and to his Opposition to Defendants' Motion for Summary Judgment.

1

Pursuant to Civil Local Rule 79-5(e), Plaintiff hereby notifies the Court that he has conditionally filed under seal the below-named documents which have been designated Confidential.

The exhibits that Plaintiff is filing concurrently are under protective orders from the Dependency Court and this Court (see Exhibits 16 through 19 to Declaration of Diane B. Weissburg), and thus Plaintiff is requesting that an order be granted allowing the confidential portions of the exhibits to be filed under seal.

Specifically, Plaintiff will seek an order to seal the following exhibits:

1)   Confidential portions of Exhibit 5D –Child Abuse Central Index records of Plaintiff;

2)   Confidential portions of Exhibit 5F –Suspected Child Abuse Report;

3)   Exhibit 5G in entirety – CWS/CMS screenshot of Plaintiff;

4)   Confidential portions of Exhibit 10A – California DOJ response to subpoena;

5)   Exhibit 10B in entirety- Child Abuse or Severe Neglect Indexing Form for Plaintiff;

6)   Exhibit 10C in entirety – Child Abuse Central Index Self Inquiry Request for Plaintiff.

Exhibit 5 was originally filed as an entirely redacted document to ECF 101-2 (Exhibits to the Declaration of Diane B. Weissburg in Support of Plaintiff's Motion for Summary Judgment) and ECF 107-2 (Exhibits to the Declaration of Diane B. Weissburg in Opposition to Defendants' Motion for Summary Judgment).  Exhibit 10 was originally filed as an entirely redacted document to ECF 101-2 (Exhibits to the Declaration of Diane B. Weissburg in Support of Plaintiff's Motion for Summary Judgment), ECF 102-1 (Plaintiff's Request for Judicial Notice), ECF 107-2 (Exhibits to the Declaration of Diane B. Weissburg in Opposition to Defendants' Motion for Summary Judgment), and ECF 108-1 (Plaintiff's Request for Judicial Notice). Plaintiff is requesting that, pursuant to the

Court's order, the redacted Exhibits 5 and 10 submitted with this filing be substituted for Exhibits 5 and 10 in ECF 101-2, ECF 102-1, ECF 107-2, and ECF 108-1.

Generally, a party seeking to seal judicial records bears the burden to demonstrate "compelling reasons" to deny the public access to public records. *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). "This standard derives from the common law right `to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pacific Creditors Ass'n,* 565 F.3d 1106, 1115 (9th Cir.2009) ("compelling reasons" standard applies to seal a credit report attached to a summary judgment motion). The "compelling reasons" must be "supported by specific factual findings ... [that] outweigh the general history of access and the public policies favoring disclosure." *Id.*

However, a party must only demonstrate "good cause" to seal documents where either: (1) the documents are "private materials unearthed during discovery;" or (2) the documents are previously sealed discovery documents that are attached to nondispositive motions. *Id.* In *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir.2002), the Court applied the lower, "good cause" standard to "materials filed with the court under seal pursuant to a valid protective order" because the court had already engaged in a "good cause" analysis to seal the documents and "much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action."

In this matter, the dependency court orders for release of and use of these records require that they be filed under seal in any civil proceeding; and each unredacted excerpt and/or document that is requested to be place under seal has a minor or minors' name and personally identifying information on such documents, and/or Plaintiff's date of birth, Social Security number, and driver's license

number. Additionally, there are documents which have information about minors' health and developmental progress, as well as other personally private information.

Exhibits 5F, 10A, and 10B all contain the names of the minors. Exhibits 5D, 5G, 10A, 10B, and 10C all contain Plaintiff's date of birth, social security number, and/or driver's license number.

Plaintiff is not aware of any need for public access to these documents which include minors' personal information. Plaintiff believes that any right to public access to these documents is outweighed by the minors' private interests. Plaintiff respectfully requests that the Court find that there is compelling reason to allow the requested pages of the unredacted documents to be filed under seal, grant Plaintiff's Motion, and issue an order to substitute the applicable pages of ECF 101-2, 102-1, 107-2, and 108-1 with the redacted version of Exhibits 5 and 10 submitted concurrently.

Dated: January 28, 2019          WEISSBURG LAW FIRM
                                 *Diane B. Weissburg*
                                 DIANE B. WEISSBURG
                                 Attorney for Plaintiff

below

CERTIFICATE OF SERVICE

I certify that on January 28, 2019, a copy of PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; DECLARATION OF DIANE B. WEISSBURG, ESQ. IN SUPPORT; REDACTED VERSION OF DOCUMENTS SOUGHT TO BE SEALED; AND [PROPOSED] ORDER TO MOTION TO FILE UNDER SEAL was served by e-mail on the following attorney in charge for Defendants Santa Clara County Department of Social Services, et al:

Stephen H. Schmid
Office of the County Counsel
stephen.schmid@cco.sccgov.org

I certify that on January 28, 2019, a copy of **PLAINTIFFS' UNREDACTED DOCUMENTS SOUGHT TO BE SEALED** was served by US mail on the following attorney in charge for Defendants Santa Clara County Department of Social Services, et al:

Stephen H. Schmid
Office of the County Counsel
70 West Hedding Street, East Wing, Ninth Floor
San Jose, CA  95110-1770


Dated: 1/28/19

*Diane B. Weissburg*
DIANE B. WEISSBURG

///

///

///