# EXHIBIT O

**OFFICE OF THE COUNTY COUNSEL**
**COUNTY OF SANTA CLARA**

373 West Julian Street
Suite 300
San Jose, California 95110-2319
(408) 758-4200
(408) 758-4212 (FAX)



Orry P. Korb
COUNTY COUNSEL

Winifred Botha
Danny Y. Chou
Robert M. Coelho
Steve Mitra
ASSISTANT COUNTY COUNSEL

May 20, 2015

Diane B. Weissburg, Esq.
Weissburg Law Firm
12240 Venice Blvd., Suite 22
Los Angeles, CA 90026

Re:  **In re Abhijit Prasad v. Will Lightbourne and Gina Sessions**
Sixth District Court of Appeals Case No. H039167
Santa Clara County Superior Court No. 111CV203380

Dear Ms. Weissburg:

We are evaluating your April 2015 request for an additional administrative hearing relating to the placement of your client's name on the Child Abuse Central Index (CACI) relating to his oldest child, ▇.

As you know, the root of the above-entitled appeal was the 2010 finding by the Department of Family and Children's Services (DFCS) that an allegation of sexual abuse was substantiated against your client with respect to ▇. DFCS found that an allegation of sexual abuse by your client against his youngest child, ▇, was inconclusive. The law required DFCS to report the substantiated finding as to ▇ to the Department of Justice (DOJ). The result of that report would be that the DOJ would place your client's name on the CACI. The law also required DFCS to notify your client of his right to an administrative hearing to have his name removed from the CACI. DFCS did so (the 2010 Notice) and provided your client with that administrative hearing in August 2010, after which the hearing officer rendered a decision that the sexual abuse allegation was appropriately substantiated as to your client's conduct toward ▇ and appropriately inconclusive as to your client's conduct toward ▇.

Several weeks ago, an internal review by DFCS revealed that the 2010 Notice to your client incorrectly stated that DFCS had substantiated the allegation of sexual abuse against him with respect to ▇ and ▇ instead of ▇ only, as reflected in the DFCS documentation and findings provided to your client in 2010. After this mistake was identified, the corrected information was immediately reported to the DOJ to ensure that the CACI did not include incorrect substantiated findings with respect to ▇. However, the DOJ advised DFCS that the DOJ had not placed your client's name on the CACI with respect to ▇ or ▇ in 2010. I cannot explain this, but I understand that the DOJ will place your client's name on the CACI with respect to ▇ only, as was originally required.

Letter to Diane B. Weissburg, Esq.
Re: <u>In re Abhijit Prasad v. Will Lightbourne and Gina Sessions</u>
Date: May 20, 2015
Page 2

    As you know, since it was the subject of the above-entitled writ-petition and appeal, an administrative hearing was already provided to your client in August 2010, during which your client exercised his due process right to contest his placement on the CACI with respect to ▆▆▆▆ As you also know, since it was the subject of the above-entitled writ-petition and appeal, the hearing officer's decision concurred that the allegation of sexual abuse was properly substantiated against your client with respect to ▆▆▆▆ Nevertheless, as set forth at the outset of this letter, we are evaluating your request for an additional hearing. We anticipate getting back to you within the next 45 days; to the extent an additional hearing is required and/or is provided, it will be provided in a timely manner thereafter.

    If you have any questions, please contact me. Thank you.

Very truly yours,

ORRY P. KORB
County Counsel

HARRISON D. TAYLOR
Deputy County Counsel

HDT:pdr

1117339