# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ABHIJIT PRASAD, Plaintiff, v. GAIL SIMMONS, et al., Defendants. | Case No. 15-cv-04933-BLF **ORDER GRANTING MOTIONS TO SEAL** [ECF 122, 125] |

Before the Court are the parties' administrative motions to file under seal portions of their briefing and exhibits in connection with Defendants' motion for summary judgment (ECF 84) and Plaintiff's motion for summary judgment (ECF 101). ECF 122, 125. For the reasons stated below, the motions are GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

1 mindful of the parties' right to access those same courts upon terms which will not unduly harm
2 their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.
3 Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the
4 merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto*
5 *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need
6 for access to court records attached only to non-dispositive motions because those documents are
7 often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving
8 to seal the documents attached to such motions must meet the lower "good cause" standard of
9 Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This
10 standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
11 information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
12 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by
13 specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*,
14 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery
15 may reflect the court's previous determination that good cause exists to keep the documents
16 sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties
17 to designate confidential documents does not provide sufficient judicial scrutiny to determine
18 whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference
19 to a stipulation or protective order that allows a party to designate certain documents as
20 confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

21 In addition to making particularized showings of good cause, parties moving to seal
22 documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.
23 79-5(b), a sealing order is appropriate only upon a request that establishes the document is
24 "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
25 the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
26 must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the
27 submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
28 material" which "lists in table format each document or portion thereof that is sought to be

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court finds that the parties have articulated compelling reasons to seal the submitted documents. The Court's rulings on the sealing requests are set forth below.

### A. ECF 122 re Plaintiff's Motion for Summary Judgment

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 101-2 107-2 | Exhibit 5D to the Weissburg Decl. – Child Abuse Central Index records of Plaintiff | GRANTED as to redacted portions. | Contains Plaintiff's personally identifying information. Weissburg Decl. ISO Sealing ¶ 9, ECF 122-1. Thus, compelling reasons exist to seal the document. |
| 101-2 107-2 | Exhibit 5F to the Weissburg Decl. – Child Abuse Central Index records of Plaintiff | GRANTED as to entire document. | Contains minors' personally identifying information, as well as allegations of sexual abuse of minors. Weissburg Decl. ISO Sealing ¶ 9. Thus, compelling reasons exist to seal the document. |
| 101-2 107-2 | Exhibit 5G to the Weissburg Decl. – CWS/CMS screenshot of Plaintiff | GRANTED as to redacted portions. | Contains Plaintiff's personally identifying information. Weissburg Decl. ISO Sealing ¶ 9. Thus, compelling reasons exist to seal the document. |
| 101-2 102-1 107-2 108-1 | Exhibit 10A to the Weissburg Decl. – California DOJ response to subpoena | GRANTED as to redacted portions. | Contains minors' personally identifying information, as well as personally identifying information of the Plaintiff. Weissburg Decl. ISO Sealing ¶ 9. Thus, compelling reasons exist to seal the document. |
| 101-2 102-1 107-2 108-1 | Exhibit 10B to the Weissburg Decl. – Child Abuse or Severe Neglect Indexing Form for Plaintiff; | GRANTED as to redacted portions. | Contains minors' personally identifying information, as well as personally identifying information of the Plaintiff. Weissburg Decl. ISO Sealing ¶ 9. Thus, compelling reasons exist to seal. |

3

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 101-2<br>102-1<br>107-2<br>108-1 | Exhibit 10C to the Weissburg Decl. – Child Abuse Central Index Self Inquiry Request for Plaintiff. | GRANTED. | Contains Plaintiff's personally identifying information.<br>Weissburg Decl. ISO Sealing ¶ 9.<br>Thus, compelling reasons exist to seal the document. |

### B. ECF 125 re Defendants' Motion for Summary Judgment

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 94 | Exhibit O to the Harrison Taylor Declaration | GRANTED as to redacted portions. | Contains minors' personally identifying information.<br>Schmid Decl. ISO Sealing ¶ 2, ECF 125-1. Thus, compelling reasons exist to seal the document. |
| 95 | Exhibit P to the Judy McKellar Declaration | GRANTED as to redacted portions. | Contains minors' personally identifying information.<br>Schmid Decl. ¶ 2. Thus, compelling reasons exist to seal the document. |

## III. CONCLUSION

The motions to seal at ECF 122 and 125 are GRANTED.

**IT IS SO ORDERED.**

Dated: February 8, 2019

_____
BETH LABSON FREEMAN
United States District Judge