UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABHIJIT PRASAD,<br>　　　　Plaintiff,<br>　　v.<br>GAIL SIMMONS, et al.,<br>　　　　Defendants. | Case No. 15-cv-04933-BLF   (VKD)<br><br>**ORDER DEPOSITION OF PLAINTIFF**<br>Re: Dkt. No. 131 |

　　　　On January 22, 2019, defendants commenced the deposition of plaintiff Abhijit Prasad. After less than an hour on the record, defendants' counsel, Stephen Schmid, suspended the deposition on the ground that plaintiff's counsel, Diane Weissburg, conducted herself improperly and interfered with defendants' examination of Mr. Prasad.

　　　　Mr. Prasad disputes defendants' characterization of his counsel's conduct during the deposition, and instead criticizes the conduct of defendants' counsel.

　　　　The Court has reviewed Mr. Prasad's deposition transcript. While several of Mr. Schmid's questions to Mr. Prasad were inartful or objectionable, Ms. Weissburg's conduct with respect to such questions did not comply with the requirements of Rule 30(c)(2) of the Federal Rules of Civil Procedure or the Court's expectations for professional conduct. Ms. Weissburg repeatedly made improper speaking objections that tended to suggest to Mr. Prasad how he should respond and otherwise disrupted portions of the deposition. The following exchange regarding a letter purportedly from Mr. Prasad is representative:

　　　　Q. . . . You recognize the document?
　　　　A. Yes.
　　　　Q. It's a copy of a letter, appears to be; is that correct?

A. Yeah. It's little – there's some changes in this though.

Q. Well, again, I want you to look at the lower right-hand corner where it says PRASAD 000172 on the face page –

A. Uh-huh.

Q. – and 0000173 on the second page. I will represent to you this document was sent to me by your attorney.

Ms. Weissburg: Wait a minute. Objection. You can't represent anything to him. He can't rely on anything you represent. Ask your questions.

Mr. Schmid: I was in the middle of my question.

Ms. Weissburg: You weren't. You were testifying, Counsel. Stop it.

Mr. Schmid: Let me rephrase the question for counsel.

Q. Have you seen this document before?

Ms. Weissburg: Asked and answered. He said it's not the same document.

Mr. Schmid: Q. Okay. At this point what – okay. You said there's something – there's some things on this letter that are wrong. Is that what you're saying?

Ms. Weissburg: Objection. It misstates his testimony.

Mr. Schmid: Could we read back the answer, please.

(Record read.)

Mr. Schmid: Q. What are the changes?

Ms. Weissburg: Objection, lack of foundation. You have to give him the original so he can compare it to identify the changes, or are you asking him to remember something from three years ago?

Dkt. No. 131-1 at 46:19–48:7. In addition, both counsel engaged in useless bickering on the record.

As a remedy, the Court orders as follows:

1. Mr. Prasad must be made available for further deposition no later than March 29, 2019. Such deposition shall be conducted in accordance with the requirements of the facility in which Mr. Prasad will be detained at the time of the deposition. If such facility will not permit Mr. Prasad's further deposition to be taken by that date, the parties shall file a status report so advising the Court.

2. All parties shall cooperate with respect to the arrangements that must be for Mr. Prasad's further deposition. However, Mr. Prasad's counsel is responsible for contacting the

2

detention facility and making the arrangements necessary for Mr. Prasad to be made available for deposition. This must be done expeditiously.

3. Defendants' further examination of Mr. Prasad may not exceed 6 hours on the record.

4. Only one attorney may object on behalf of Mr. Prasad during the further deposition. Mr. Prasad may have other counsel present, and such other counsel may confer with the attorney defending Mr. Prasad in the deposition, as necessary.

5. Defending counsel's objections to a question must be stated concisely in a non-argumentative and non-suggestive manner. For purposes of the further deposition of Mr. Prasad, objections to the form of the question must be stated on the record as "objection to the form of the question" (or an equivalent phrase) without further elaboration, commentary, or remarks. If examining counsel asks defending counsel to explain the basis for the form objection, defending counsel may respond.

6. Defending counsel may only instruct Mr. Prasad not to answer a question as necessary to preserve a privilege or to present a motion to the Court under Rule 30(d)(3). Counsel are reminded that the attorney-client privilege protects only confidential communications between attorney and client made for the purpose of seeking or delivering legal advice or representation. The privilege does not preclude discovery of facts simply because they are communicated to or from counsel.

Failure to comply with this order may subject the non-complying party or parties to sanctions, including monetary sanctions.

**IT IS SO ORDERED.**

Dated: March 11, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge